■ In the Matter of GEORGIY KOZHAR, Petitioner, v RAYMOND KELLY, as Police Commissioner of the City of New York, et al., Respondents. [882 NYS2d 399]—

Determinations of respondent Police Department, dated November 7, 2006 and July 13, 2007, which respectively denied petitioner's application for a carry business pistol license, and revoked petitioner's premises residence handgun license, unanimously confirmed, and the petitions denied and the proceedings brought pursuant to CPLR article 78 (transferred to this Court by orders of the Supreme Court, New York County [Herman Cahn, J.], entered October 17, 2007) dismissed, without costs.

The revocation of petitioner's premises residence handgun license and the denial of his application for a carry business pistol license were supported by substantial evidence, which indicated a lack of moral character and fitness to possess a firearm (*see Matter of Trimis v New York City Police Dept.*, 300 AD2d 162 [2002], *lv denied* 100 NY2d 503 [2003]; Penal Law § 400.00 [1]; 38 RCNY 5-02). Petitioner failed to abide by his obligations to notify the License Division of a domestic incident report and the issuance of temporary orders of protection against him in September 2002 and November 2002 (*see* 38 RCNY 5-30). He also omitted the issuance of the temporary orders of protection on his applications to renew his premises residence license, and for a carry business license, notwithstanding that application questions specifically requested such information.

We have considered petitioner's remaining arguments, including that the hearing officer who presided over his license revocation hearing was biased against him, and find them unavailing. Concur—Tom, J.P., Friedman, Catterson, Moskowitz and Renwick, JJ.