■ In the Matter of ROBERT RUCKER, Appellant, v NYC/NYPD LICENSE DIVISION, Respondent. [910 NYS2d 648]—

Judgment, Supreme Court, New York County (Edward H. Lehner, J.), entered June 15, 2009, dismissing this proceeding to annul a determination denying petitioner's application for a premises residence handgun license, unanimously affirmed, without costs.

Judicial review of an administrative determination is limited to whether it was arbitrary or capricious or without a rational basis in the administrative record, and once it is determined that the agency's conclusion had a sound basis in reason, the judicial function comes to an end (*Matter of Partnership 92 LP & Bldg. Mgt. Co., Inc. v State of N.Y. Div. of Hous. & Community Renewal*, 46 AD3d 425, 428 [2007], *affd* 11 NY3d 859 [2008]). Respondent's denial of petitioner's application was not arbitrary and capricious, and had a rational basis. Petitioner's failure to notify respondent of the fact that he had changed his residential and business addresses, that he had caused an order of protection to be issued against his child's mother, and that he was the subject of 21 domestic incident reports casts doubt on his character and fitness to possess a firearm (*see Matter of Kozhar v Kelly*, 62 AD3d 540 [2009]; *Matter of Del Valle v Kelly*, 37 AD3d 311 [2007]).

The fact that there may be errors in some of the incident reports is of no moment because petitioner failed to raise that issue below, and it is thus unpreserved for appellate review (*see O'Neill v Julav Realty*, 2 AD3d 194 [2003], *lv denied* 2 NY3d

701 [2004]). In any event, there are approximately 17 domestic incident reports, where petitioner does not claim any errors, which can be relied on.

We have considered petitioner's remaining contentions and find them unavailing. Concur—Tom, J.P., Andrias, Nardelli, Acosta and DeGrasse, JJ.