■ In the Matter of RICHARD LOGAN, Petitioner, v RAYMOND KELLY, Respondent. [933 NYS2d 259]—

Respondent's determination was supported by substantial evidence (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176 [1978]). Petitioner conceded at the administrative hearing that he failed to immediately notify the License Division upon becoming a party to a Child Protective Services investigation, a party to domestic incident reports, and when an order of protection was issued against him (*see* 38 RCNY 5-22 [c] [8]; 5-30 [c] [5]; [d]; *Matter of Kozhar v Kelly*, 62 AD3d 540 [2009]). The revocation of petitioner's license was within respondent's broad discretion regardless of whether the allegations of petitioner's ex-wife, which led to the reportable incidents, were false. Petitioner's contention that his failure to report the incidents were "technical violations," is unavailing (*see Matter of Cohen v Kelly*, 30 AD3d 170 [2006]).

The penalty imposed does not shock our sense of fairness (*see Matter of Del Valle v Kelly*, 37 AD3d 311 [2007]). 38 RCNY 5-22 (a) (1) explicitly states that pistol licenses are revocable at any time, and the record shows that petitioner violated the rules governing his pistol license on numerous occasions. Concur—Moskowitz, J.P., Renwick, DeGrasse and Abdus-Salaam, JJ.