■ In the Matter of ARMANDO VERGES, Petitioner, v WILLIAM BRATTON et al., Respondents. [11 NYS3d 115]—

Determination of respondent New York City Police Department, dated February 14, 2013, which, after a hearing, revoked petitioner's premises-residence handgun license, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Peter H. Moulton, J.], entered on or about Mar. 5, 2014), dismissed, without costs.

Respondent's determination is supported by substantial evidence (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-181 [1978]). Contrary to petitioner's argument, the determination was not based on one instance of inaccurately reporting a residential address on a renewal application. Rather, the Hearing Officer also found, inter alia, that petitioner brought his gun to a number of different addresses where he was not authorized to possess it; that, between renewal applications, petitioner failed to report a change of residence, as required, on multiple occasions; and that in 2011, he failed to report his true address, which was his girlfriend's New York City Housing Authority apartment, at least in part because it was unlawful for him to be living there. In light of the high degree of deference to be accorded the agency, the circumstances presented adequately supported the conclusion that petitioner lacks "the essential temperament or character which should be present in one entrusted with a dangerous instrument" (*Matter of Lipton v Ward*, 116 AD2d 474, 477 [1st Dept 1986] [internal quotation marks omitted]).

The penalty of revocation does not shock our sense of fairness (*see e.g. Matter of Rombom v Kelly*, 73 AD3d 508 [1st Dept 2010]; *see also Matter of Rucker v NYC/NYPD License Div.*, 78 AD3d 535 [1st Dept 2010]). Concur—Tom, J.P., Friedman, Sweeny, Saxe and Clark, JJ.