Matter of Koutentis v NYC Police Dept., Licensing Div. (2018 NY Slip Op 01158)





Matter of Koutentis v NYC Police Dept., Licensing Div.


2018 NY Slip Op 01158


Decided on February 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2018

Renwick, J.P., Richter, Manzanet-Daniels, Andrias, Gesmer, JJ.


5753 100599/16

[*1]In re Christos Koutentis, Petitioner-Appellant,
v
NYC Police Department, Licensing Division, Respondent-Respondent.


Law Office of Bernard V. Kleinman, PLLC, Somers (Bernard V. Kleinman of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Elina Druker of counsel), for respondent.



Determination of respondent, dated February 11, 2016, which, after a hearing, revoked petitioner's premises handgun license, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order, Supreme Court, New York County [Barbara Jaffe, J.], entered October 17, 2016), dismissed, without costs.
Respondent's determination is supported by substantial evidence (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180-181 [1978]). The record shows that petitioner neglected to report multiple domestic violence incidents, failed to properly safeguard his guns as the registered address was not his primary residence, failed to cooperate with the Licensing Division's investigation, and did not maintain familiarity with applicable rules (see e.g. Matter of Verges v Bratton, 128 AD3d 602 [1st Dept 2015]; Matter of Kozhar v Kelly, 62 AD3d 540 [1st Dept 2009]). Petitioner's arguments that the Hearing Officer was biased, and that revocation violated his Second Amendment rights, are unpreserved, as they were not raised at the hearing (see Matter of Striplin v Selsky, 28 AD3d 969 [3d Dept 2006]), and are also unavailing (see Matter of Delgado v Kelly, 127 AD3d 644 [1st Dept 2015], lv denied 26 NY3d 905 [2015]).
The revocation of petitioner's premises handgun license does not shock our sense of fairness (see Verges at 602).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 20, 2018
CLERK