■ Benedetto Lamarca et al., Respondents, v The Great Atlantic and Pacific Tea Company, Inc., Doing Business as A & P, The Food Emporium and Waldbaum's, Appellant. [868 NYS2d 8]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered July 10, 2007, which, insofar as appealed from as limited by the brief, granted plaintiffs' motion for class certification, unanimously affirmed, without costs.

The named plaintiffs' claim that they were not paid for overtime work is typical of the claims of the class, as it arises out of the same course of conduct, i.e., that, as a result of the pressure defendant placed on individual store managers to keep payroll costs down, in conjunction with its express policy forbidding off-the-clock work and mandating payment of overtime, stores were chronically understaffed and employees were permitted, or pressured, to work overtime without compensation (*see Pruitt v Rockefeller Ctr. Props.*, 167 AD2d 14, 22 [1991]). Questions of law or fact common to the class will predominate over questions that affect only individual members, because defendant conceded that all its stores are managed pursuant to uniform policies set by it and that the corporate policies that drove managers to deprive employees of overtime pay were in effect for all the stores during the class period (*see*

*Pesantez v Boyle Envtl. Servs.*, 251 AD2d 11, 12 [1998]). Defendant's attack on the adequacy of the named plaintiffs to serve as class representatives raises minor and collateral issues of impeachment that are insufficient to disqualify a class representative (*see Pruitt*, 167 AD2d at 25). Concur—Lippman, P.J., Mazzarelli, Williams, Buckley and Renwick, JJ. [*See* 16 Misc 3d 1115(A), 2007 NY Slip Op 51424(U).]