■ Brenda Williams et al., Respondents, v Air Serv Corporation, Appellant. [994 NYS2d 571]—

Order, Supreme Court, New York County (Lucy Billings, J.), entered May 23, 2013, which granted plaintiffs' motion for class certification and certified as a class all persons, other than managers, corporate officers or directors, or clerical or office workers, who performed work for defendant, Air Serv Corporation, at John F. Kennedy International Airport between June 2004 and the present, unanimously affirmed, with costs.

The court providently exercised its discretion in holding that plaintiffs met their burden of demonstrating the prerequisites for class action certification under CPLR 901 and 902 (*see Pludeman v Northern Leasing Sys., Inc.*, 74 AD3d 420, 421-423

[1st Dept 2010]). Plaintiffs' evidence demonstrated that plaintiffs and numerous similarly situated employees of defendant may have been underpaid due to a policy originating from a single Air Serv supervisor (CPLR 901 [a] [1]). Common issues of law and fact predominate (CPLR 901 [a] [2]), and the minor differences in each individual class member's claim do not defeat typicality (*see Kudinov v Kel-Tech Constr. Inc.*, 65 AD3d 481, 481-482 [1st Dept 2009]; CPLR 901 [a] [3]). Furthermore, certification is not defeated simply because defendant has submitted declarations from six employees denying that they were ever underpaid (65 AD3d at 481).

The motion court correctly determined that the named plaintiffs are adequate representatives for the putative class (CPLR 901 [a] [4]). That one of the named plaintiffs may have had some supervisory responsibilities over other members of the putative class does not create an insurmountable conflict of interest (*see Lamarca v Great Atl. & Pac. Tea Co., Inc.*, 55 AD3d 487 [1st Dept 2008]). Moreover, the named plaintiffs have sufficiently demonstrated at least a general awareness of the claims in this action, which is sufficient for certification (*see Brandon v Chefetz*, 106 AD2d 162, 170 [1st Dept 1985]).

Lastly, plaintiffs demonstrated that a class action is superior to the prosecution of individualized claims in an administrative proceeding (CPLR 901 [a] [5]), given the difference in litigation costs and the modest damages to be recovered by each individual employee (*see Dabrowski v Abax Inc.*, 84 AD3d 633, 635 [1st Dept 2011]).

We have considered defendant's remaining contentions and find them unavailing. Concur—Sweeny, J.P., Renwick, Andrias, Moskowitz and Manzanet-Daniels, JJ.