■ TAMMY WEINSTEIN et al., Respondents, v JENNY CRAIG OPERATIONS INC., Appellant. [30 NYS3d 618]—

Order, Supreme Court, New York County (Anil C. Singh, J.), entered January 29, 2014, which, to the extent appealed from as limited by the briefs, held that plaintiffs satisfied the commonality requirement (CPLR 901 [a] [2]) on their motion for class certification, unanimously affirmed, without costs.

Plaintiffs and the putative class members are current and former non-managerial employees of Jenny Craig Operations, Inc., which operated about 23 non-franchised weight-loss centers in New York, from May 2005 to May 2011. Plaintiffs allege that Jenny Craig regularly underpaid the 751 class members for time worked, by deducting 30 minutes of pay from their paychecks, for every shift they worked, for "break time" that was not taken.

At issue here is whether "there are questions of law or fact common to the class which predominate over any questions affecting only individual members" (CPLR 901 [a] [2]). Plaintiffs met their burden of satisfying this criteria (*see CLC/CFI Liquidating Trust v Bloomingdale's, Inc.*, 50 AD3d 446, 447

[1st Dept 2008]), "by competent evidence in admissible form" (*Feder v Staten Is. Hosp.*, 304 AD2d 470, 471 [1st Dept 2003] [citations omitted]). The court properly applied New York's liberal class action certification statute (*see City of New York v Maul*, 14 NY3d 499, 508, 512 [2010]) to find that plaintiffs established commonality.

Plaintiffs submitted sworn testimony from four employees and a center director attesting to Jenny Craig's alleged policy of routinely deducting 30 minutes from each employee's shift for a meal break that was not taken. While Jenny Craig's statistical analysis challenged the claimed pervasiveness of the alleged policy, the merits of the claims were not at issue on the motion, and plaintiffs' evidence was sufficient to satisfy the minimal threshold of establishing that their claim was not a sham (*see Kudinov v Kel-Tech Constr. Inc.*, 65 AD3d 481, 482 [1st Dept 2009]; *Brandon v Chefetz*, 106 AD2d 162, 168 [1st Dept 1985]).

Defendant's submission of declarations from current employees, denying the existence of such a practice, was insufficient to defeat certification (*see Williams v Air Serv Corp.*, 121 AD3d 441, 442 [1st Dept 2014]). This is especially so given that defendant's statistical analysis of employee time card data provides support for plaintiffs' claim that the practice was routine.

Where, as here, "the same types of subterfuge[ ] [were] allegedly employed to pay lower wages," commonality of the claims will be found to predominate, even though the putative class members have "different levels of damages" (*Kudinov*, 65 AD3d at 482 [citation omitted]; *see also Williams* at 442; *Lamarca v Great Atl. & Pac. Tea Co., Inc.*, 55 AD3d 487 [1st Dept 2008]). Class action is an appropriate method of adjudicating wage claims arising from an employer's alleged practice of underpaying employees, given that "the damages allegedly suffered by an individual class member are likely to be insignificant, and the costs of prosecuting individual actions would result in the class members having no realistic day in court" (*Nawrocki v Proto Constr. & Dev. Corp.*, 82 AD3d 534, 536 [1st Dept 2011]; *see also Dabrowski v Abax Inc.*, 84 AD3d 633, 635 [1st Dept 2011]; *Pesantez v Boyle Envtl. Servs.*, 251 AD2d 11, 12 [1st Dept 1998]).

We have considered defendant's remaining arguments and find them unavailing. Concur—Friedman, J.P., Andrias, Moskowitz, Kapnick and Webber, JJ.