Medina v Fairway Golf Mgt., LLC (2019 NY Slip Op 08185)





Medina v Fairway Golf Mgt., LLC


2019 NY Slip Op 08185


Decided on November 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-11586
 (Index No. 607829/15)

[*1]Melvin Medina, etc., respondent, 
v
Fairway Golf Management, LLC, et al., defendants, Mill Pond Country Club Caterers, Inc., et al., appellants.


Silverman Acampora, LLP, Jericho, NY (Brian J. Shenker and Alan B. Pearl of counsel), for appellants.
Leeds Brown Law, P.C., Carle Place, NY (Suzanne B. Klein, Brett R. Cohen, Jeffrey K. Brown, and Michael A. Tompkins of counsel), for respondent.



DECISION & ORDER
In a putative class action to recover damages for violations of Labor Law § 196-d, the defendants Mill Pond Country Club Caterers, Inc., John Rossi, Anthony Gillespie, and Michael Danon appeal from an order of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), entered August 8, 2017. The order granted the plaintiff's motion for class certification pursuant to CPLR article 9.
ORDERED that the order is affirmed, with costs.
The plaintiff, a catering service employee, commenced this action to recover damages for violations of Labor Law § 196-d. He alleged that the defendants, owners and operators of a golf course and its food and beverage catering operation, improperly retained mandatory service charges that were imposed upon customers for catered events, which customers would reasonably believe were gratuities for the catering employees. The plaintiff moved for class certification pursuant to CPLR article 9. The Supreme Court granted the motion, and the defendants Mill Pond Country Club Caterers, Inc., John Rossi, Anthony Gillespie, and Michael Danon appeal.
The proponent of a motion for class certification bears the burden of establishing compliance with the requirements of CPLR 901 and 902 (see Cooper v Sleepy's, LLC, 120 AD3d 742, 743). CPLR 901(a) sets forth the five requirements for certification of a class action: "1. the class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable; 2. there are questions of law or fact common to the class which predominate over any questions affecting only individual members; 3. the claims or defenses of the representative parties are typical of the claims or defenses of the class; 4. the representative parties will fairly and adequately protect the interests of the class; and 5. a class action is superior to other available methods for the fair and efficient adjudication of the controversy." "[T]he court may also consider the merits of the action to the extent necessary for the elimination, as early as possible, of spurious actions" (Hoerger v Board of Educ. of Great Neck Union Free School Dist., 98 AD2d 274, 278; see Weinstein v Jenny Craig Operations, Inc., 138 AD3d 546, 547; Pludeman v Northern Leasing Sys., [*2]Inc., 74 AD3d 420, 422; Brandon v Chefetz, 106 AD2d 162, 168).
It has long been recognized that the criteria set forth in CPLR 901(a) " should be broadly construed . . . because it is apparent that the Legislature intended [CPLR] article 9 to be a liberal substitute for the narrow class action legislation which preceded it'" (City of New York v Maul, 14 NY3d 499, 509, quoting Friar v Vanguard Holding Corp., 78 AD2d 83, 91; see Globe Surgical Supply v GEICO Ins. Co., 59 AD3d 129, 135).
We agree with the Supreme Court's determination that the plaintiff satisfied the requirements of CPLR 901(a). Contrary to the appellants' contention, the plaintiff demonstrated that his claim "arose out of the same course of conduct and [is] based on the same theories as the other class members" (Ackerman v Price Waterhouse, 252 AD2d 179, 201; see Borden v 400 E. 55th St. Assoc., L.P., 24 NY3d 382, 399; Pruitt v Rockefeller Ctr. Props., 167 AD2d 14, 22; Friar v Vanguard Holding Corp., 78 AD2d at 99). " [I]t is not necessary that the claims of the named plaintiff be identical to those of the class'" or that the named plaintiff be able to assert all the claims made on behalf of the class (Pruitt v Rockefeller Ctr. Props., 167 AD2d at 22, quoting Super Glue Corp. v Avis Rent A Car Sys., 132 AD2d 604, 607). In addition, the evidence established that the plaintiff, and his counsel, would adequately represent the class (see Borden v 400 E. 55th St. Assoc., L.P., 24 NY3d at 400; Ackerman v Price Waterhouse, 252 AD2d at 202; Pruitt v Rockefeller Ctr. Props., 167 AD2d at 24). Contrary to the appellants' further contention, the plaintiff's evidence "was sufficient to satisfy the minimal threshold of establishing that [his] claim was not a sham" (Weinstein v Jenny Craig Operations, Inc., 138 AD3d at 547).
Accordingly, we agree with the Supreme Court's determination to grant the plaintiff's motion for class certification.
MASTRO, J.P., HINDS-RADIX, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court