Matter of Sandra M. v Che M. (2022 NY Slip Op 02489)

Matter of Sandra M. v Che M.

2022 NY Slip Op 02489

Decided on April 14, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 14, 2022

Before: Acosta, P.J., Kern, González, Shulman, JJ. 

Docket No. V-13569-19, NN-09569/17, B-21048/18 Appeal No. 15720-15721 Case No. 2020-04538, 2021-2515, 2021-02430 

[*1]In the Matter of Sandra M., Petitioner-Appellant,
v
Che M. (Deceased), et al., Respondents-Respondents. Daisy M., A Child Under Eighteen Years of Age, etc., Che M. (Deceased), et al., Respondents-Respondents, Administration for Children's Services, et al., Petitioners-Respondents, Sandra M., Proposed Intervenor-Appellant. 

Nelson, Robinson & El Ashmawy, PLLC, New York (Daniel X. Robinson of counsel), for appellant.
Joseph T. Gatti, New York, for Catholic Guardian Services, respondent.
Georgia M. Pestana, Corporation Counsel, New York (Rebecca L. Visgaitis of counsel), for Administration for Children Services, respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Claire V. Merkine of counsel), attorney for the child.

Appeal from order, Family Court, New York County (Karen I. Lupuloff, J.), entered on or about October 22, 2020, which dismissed the petition by the maternal grandmother for custody of the subject child, unanimously dismissed, without costs, as moot. Appeal from order, same court and Judge, entered on or about June 3, 2021, which rejected the maternal grandmother's motion to intervene in the proceedings, unanimously dismissed, without costs, as taken from a nonappealable paper and as moot.
The petition for custody of the subject child was rendered moot by the child's adoption by her long-term foster parent, finalized on June 2, 2021 (see Carmen P. v Administration for Children's Servs., 149 AD3d 577 [1st Dept 2017]). In any event, the court correctly dismissed the petition for lack of standing, as the child was already free for adoption by virtue of the death of her mother (id.).
No appeal lies from the court's rejection of the maternal grandmother's motion pursuant to Family Court Act § 1035(f) to intervene in the proceedings for the purpose of seeking custody of the child (see CPLR 5701[a][2]; see also e.g. 172 Van Duzer Realty Corp. v Globe Alumni Student Assistance Assn., Inc., 164 AD3d 1170 [1st Dept 2018]). In any event, the appeal was rendered moot by the child's adoption (see generally Matter of John C., 278 AD2d 123 [1st Dept 2000]).
We have considered the maternal grandmother's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 14, 2022