325 Mgt. Corp. v Statuto (2023 NY Slip Op 05307)

325 Mgt. Corp. v Statuto

2023 NY Slip Op 05307

Decided on October 19, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 19, 2023

Before: Manzanet-Daniels, J.P., Kern, Scarpulla, Mendez, O'Neill Levy, JJ. 

Index No. 157359/21 Appeal No. 819 Case No. 2022-04712 

[*1]325 Management Corp., Plaintiff-Respondent,
v
Danielle Statuto, Defendant-Appellant, Alanna Faith Blagojevic et al., Defendants.

Sokolski & Zekaria, PC, Huntington (Daphna Zekaria Sokolski of counsel), for appellant.
Belkin Burden Goldman, LLP, New York (Magda L. Cruz of counsel), for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about September 22, 2022, which granted plaintiff landlord's motion for summary judgment on its claims for a judgment of possession and a money judgment for rent arrears, and denied defendant tenant Danielle Statuto's cross-motion for summary judgment on her counterclaim for a declaration that the apartment was subject to rent stabilization, unanimously affirmed, without costs.
The tenant failed to raise an issue of fact as to whether the building at issue contained six or more "housing accommodations" as defined by Rent Stabilization Code (9 NYCRR) § 2520.6(a) and therefore was subject to rent stabilization. Although neither party disputes that the building has had four units since a conversion of the building was concluded in 1981, the tenant maintains that eight fourth- and fifth-floor apartments existed before the renovation and were required to be counted toward the six-unit threshold, regardless of whether they were ever occupied. The building's 1937 certificate of occupancy shows that two units, on the second and third floors, were used at that time as housing accommodations. A notation in the 1937 certificate of occupancy stating that the apartments on floors four and five were to "remain vacant" is not dispositive of whether the building had six or more "housing accommodations" during the relevant periods. Whether a building is subject to rent stabilization "turns on the function of the units as housing accommodations (i.e. their continuous and exclusive use and occupancy as residences for a period of time), not the 'legality' of their usage in the absence of a certificate of occupancy" (Balay v Manhattan 140 LLC, 204 AD3d 491, 493 [1st Dept 2022]).
Nonetheless, we reject the tenant's assertion that the fourth- and fifth-floor apartments must be added to the four units to bring the number of units to more than six, thus rendering her apartment subject to rent stabilization. Some degree of actual occupancy or evidence of "intended" occupancy in the years after rent stabilization could have attached (generally, either 1969 or 1974) is required to establish that units counted toward the six-unit threshold for regulation (see Matter of Gracecor Realty Co., Inc. v Hargrove, 90 NY2d 350, 355 [1997]). The tenant, however, presented no evidence that the apartments on the fourth and fifth floors were ever "occupied or intended to be occupied" as "housing accommodations" on any of the dates they could have become subject to rent stabilization (9 NYCRR 2520.6[a]; cf. White Knight Ltd. v Shea, 10 AD3d 567 [1st Dept 2004]). As a result, the fourth- and fifth-floor apartments could not be
counted toward the six-unit threshold necessary for rent regulation to attach.
We have considered the tenant's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October [*2]19, 2023