Matter of Andrea S. v Paul Y. (2024 NY Slip Op 03389)

Matter of Andrea S. v Paul Y.

2024 NY Slip Op 03389

Decided on June 20, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 20, 2024

Before: Oing, J.P., Friedman, González, Rodriguez, O'Neill Levy, JJ. 

Docket No. V-05025/19 V-04665/20 V-05025/19 Appeal No. 2530 Case No. 2022-02401 

[*1]In the Matter of Andrea S., Petitioner-Appellant,
v
Paul Y., et al., Respondents-Respondents. 

Rhea G. Friedman, New York, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Diana Lawless of counsel), for Administration for Children's Services, respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (John A. Newbery of counsel), attorney for the children.

Appeal from order, Family Court, Bronx County (E. Grace Park, J.), entered on or about October 21, 2021, which dismissed with prejudice petitioner grandmother's petitions for custody of her grandchildren, unanimously dismissed, without costs, as moot.
The grandmother concedes that her appeal from the order dismissing her petitions for custody of her grandchildren is moot given that the children have been adopted by their long-term foster parents (see Matter of Sandra M. v Che M., 204 AD3d 491 [1st Dept 2022]; see also Matter of LaJuan M. v Administration for Children's Servs., 220 AD3d 420, 421 [1st Dept 2023]).
The grandmother's request, in reply, that we remand for a new hearing on the issue of visitation, rather than custody, is unpreserved for review and we decline to reach it, given that a request could have been timely asserted in the context of this pending custody proceeding (see Matter of Erdey v City of New York, 129 AD3d 546, 546-547 [1st Dept 2015]). At the time of the custody hearing, termination of parental rights proceedings were pending as to two of the children and the grandmother had declined to have supervised or monitored visitation with the children.
We have considered the grandmother's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 20, 2024