Kozak v Kushner Vil. 329 E. 9th St. LLC (2024 NY Slip Op 05891)

Kozak v Kushner Vil. 329 E. 9th St. LLC

2024 NY Slip Op 05891

Decided on November 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 26, 2024

Before: Kern, J.P., Oing, Kennedy, Higgitt, Michael, JJ. 

Index No. 157448/20 Appeal No. 2771 Case No. 2022-05642 

[*1]Andrew Kozak et al, Plaintiffs-Appellants,
v
Kushner Village 329 East 9th Street LLC et al., Defendants-Respondents.

Grimble & LoGuidice, LLP, New York (Robert Grimble of counsel), for appellants.
Belkin Burden Goldman, LLP, New York (Magda L. Cruz of counsel), for respondents.

Order, Supreme Court, New York County (David B. Cohen, J.), entered on or about November 10, 2022, which denied plaintiffs' motion for class certification and granted defendants' cross-motion for summary judgment dismissing the complaint, unanimously modified, on the law, the motion granted, and the cross-motion denied with respect to the first, second, fourth, and fifth causes of action, and so much of the third cause of action as is asserted by plaintiffs Michael Maher and Ana Sussmann, and otherwise affirmed, without costs.
Supreme Court properly granted summary judgment dismissing plaintiffs Andrew Kozak, Daniel Porvin, Darla Stachecki, and Monique Safford's claims for breach of the warranty of habitability (third cause of action). "Civil Court has jurisdiction of landlord tenant disputes and when it can decide the dispute . . ., it is desirable that it do so" (Post v 120 E. End Ave. Corp., 62 NY2d 19, 28 [1984] [internal citation omitted]). Here, defendants submitted evidence demonstrating that plaintiffs previously raised these claims as a defense in now-resolved nonpayment proceedings in Civil Court and plaintiffs may not relitigate them here. However, we agree with plaintiffs' contention that the court should not have dismissed Maher and Sussman's claims for breach of the warranty of habitability because no evidence was presented that defendant Kushner commenced Civil Court proceedings against them. The third cause of action is therefore dismissed except for Maher and Sussman's claims.
Plaintiffs' request for a declaration that the temporary certificates of occupancy (TCOs) that Kushner obtained for the buildings where plaintiffs live are illegal (first cause of action) should not have been dismissed on the ground that they had failed to exhaust administrative remedies. Multiple Dwelling Law § 301(4) states that a TCO "shall not extend, together with [any] renewals, beyond a total period of two years from the date of its original issuance." Here, plaintiffs challenge the renewal of defendants' TCOs on the ground that they were originally issued in 2015 and have been renewed ever since, well beyond the two-year maximum set forth in the statute. Supreme Court concluded that the claim should have been raised in the first instance before the Department of Buildings (DOB) based on the well-settled principle that "[a] litigant who seeks to challenge a determination of an administrative agency must exhaust all possibilities of obtaining relief through administrative channels before appealing to the courts" (Matter of Frumoff v Wing, 239 AD2d 216, 217 [1st Dept 1997]).
However,"[t]he exhaustion rule . . . need not be followed . . . when an agency's action is challenged as . . . wholly beyond its grant of power" (Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57 [1978]). A declaratory judgment action challenges an agency's determination as wholly beyond its grant of power where, "although the agency's general authority to act on the plaintiff[*2][is] unquestioned, the plaintiff contend[s] that the agency had purported to exercise that authority in a manner beyond its statutory power" (Bankers Trust Corp. v New York City Dept. of Fin., 301 AD2d 321, 328 [1st Dept 2002], citing Watergate II. Apts., 46 NY2d at 58). Conversely, a challenge that an agency's exercise of its duly granted authority was tainted by factual or mathematical errors, or was otherwise arbitrary, capricious or irrational, is subject to the exhaustion rule (see id.). In the present case, plaintiffs are clearly challenging DOB's determination to extend the TCOs beyond the two-year limit set forth in the statute as wholly beyond its grant of power. They are not challenging that DOB is vested with the general authority to renew TCOs or that the exercise of its duly granted authority was tainted by factual or mathematical errors or was otherwise arbitrary, capricious or irrational (see id.). Therefore, inasmuch as this is purely a matter of interpretation of the plain language of the statute, without any substantive factual dispute involved, the exhaustion rule does not apply and plaintiffs' claim for a declaratory judgment should not have been dismissed (see id. at 327-328; see also Matter of Herberg v Perales, 180 AD2d 166 [1st Dept 1992]). We note that DOB is not a party to this litigation and has not had an opportunity to be heard on any of the issues in this case.
Plaintiffs' request for injunctive relief (second cause of action) should not have been dismissed based on Balay v Manhattan 140 LLC (204 AD3d 491 [1st Dept 2022]). Unlike Balay, the case at bar does not present a situation where "the plaintiff would receive the ultimate relief sought, pendente lite" (id. at 494 [internal quotation marks omitted]). Moreover, when the motion court said plaintiffs cited no authority for the proposition that the renewal of the TCOs was illegal, it overlooked the complaint's citation of Multiple Dwelling Law § 301(4).
In their opening papers at nisi prius defendants made no specific arguments with respect to the fourth and fifth causes of action; thus, they failed to make a prima facie case that they were entitled, as a matter of law, to judgment dismissing those claims.
Because the court granted defendants' cross-motion, it did not consider whether plaintiffs had satisfied the requirements of CPLR 901(a) and 902. We find that they have done so; therefore, we grant their motion for class certification.
With respect to numerosity, "[t]he legislature contemplated classes involving as few as 18 members" (Hoffman v Fort 709 Assoc., L.P., 204 AD3d 516, 517 [1st Dept 2022]; see also Borden v 400 E. 55th St. Assoc., L.P., 24 NY3d 382, 399 [2014]; CPLR 901[a][1]). This case involves 35 residential and 5 commercial units; plaintiffs believe there are at least 40 class members, which satisfies the requirement (see also Caesar v Chemical Bank, 118 Misc 2d 118, 121 [Sup Ct, NY County 1983] [certifying class of 38 members], affd 106 AD2d 353 [*3][1st Dept 1984], mod on other grounds 66 NY2d 698 [1985]).
Except for part of the breach of the warranty of habitability, which involves issues in individual plaintiffs' apartments as well as building-wide issues, this case is about problems that are common to all four buildings where plaintiffs reside. Hence, commonality is present (see Simon v Cunard Line, 75 AD2d 283, 289 [1st Dept 1980]; CPLR 901[a][2]).
The typicality requirement is satisfied "[i]f it is shown that a plaintiff's claims derive from the same practice or course of conduct that gave rise to the remaining claims of other class members and is based upon the same legal theory" (Pludeman v Northern Leasing Sys., Inc., 74 AD3d 420, 423 [1st Dept 2010] [internal quotation marks omitted]; CPLR 901[a][3]). Plaintiffs made such a showing.
"The factors to be considered in determining adequacy of representation are whether any conflict exists between the representative and the class members, the representative's familiarity with the lawsuit and his or her financial resources, and the competence and experience of class counsel" (Ackerman v Price Waterhouse, 252 AD2d 179, 202 [1st Dept 1998]; CPLR 901[a][4]). The only factor that the named plaintiffs might not satisfy is financial resources. However, their counsel submitted an affirmation stating that they (counsel) are bearing the costs of this action. "Certification has been granted where a responsible third party has agreed to bear the costs for plaintiff" (Brandon v Chefetz, 106 AD2d 162, 170 [1st Dept 1985]).
As for superiority, "[t]he public benefit of the class action remedy has been described as a means of inducing socially and ethically responsible behavior on the part of large and wealthy institutions which will be deterred from carrying out policies or engaging in activities harmful to large numbers of individuals" (Weinberg v Hertz Corp., 116 AD2d 1, 5 [1st Dept 1985] [internal quotation marks omitted], affd 69 NY2d 979 [1987]; CPLR 901[a][5]). "Without the benefit of the class action, these institutions could act with impunity" (Pruitt v Rockefeller Ctr. Props., 167 AD2d 14, 24 [1st Dept 1991]). That is the case here — defendants did not finish the installation of the sprinkler system until plaintiffs brought the instant action.
Finally, the CPLR 902 factors have been satisfied. Furthermore, "the Legislature intended article 9 to be a liberal substitute for the narrow class action legislation which preceded it" (City of New York v Maul, 14 NY3d 499, 509 [2010]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 26, 2024