**Rosario v Hallen Constr. Co., Inc.**

2025 NY Slip Op 30089(U)

January 9, 2025

Supreme Court, New York County

Docket Number: Index No. 157141/2021

Judge: Emily Morales-Minerva

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. EMILY MORALES-MINERVA          PART          42M

_Justice_

-------------------------------------------------------------------------X

DANIEL ROSARIO, DEAN LEWIS, INDIVIDUALLY AND ON BEHALF OF ALL OTHER PERSONS SIMILARLY SITUATED WHO WERE EMPLOYED BY THE HALLEN CONSTRUCTION CO., INC.

|  |  |
|---|---|
| INDEX NO. | 157141/2021 |
| MOTION DATE | 05/15/2024 |
| MOTION SEQ. NO. | 002 |

Plaintiff,

- v -

THE HALLEN CONSTRUCTION CO., INC.,

Defendant.

**DECISION + ORDER ON MOTION**

-------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119

were read on this motion to/for                    MISCELLANEOUS                    .

APPEARANCES:

    Virginia & Ambinder, LLP, New York, NY (Jack Newhouse, Esq., of counsel), for plaintiffs.

    Rivkin Radler, LLP, Uniondale, NY (John K. Diviney, Esq., and Greg Eric Mann, Esq., of counsel), for defendant.

EMILY MORALES-MINERVA, J.S.C.

    Upon the foregoing documents, and oral argument held on in Part 42M, 111 Centre Street, New York, NY, on January 07, 2024, at 11:00 A.M., the Court determines as follows.

    In this Labor Law action for failure to pay wages and failure to pay overtime (see generally Labor Law §§ 191 and 633), plaintiffs DANIEL ROSARIO and DEAN LEWIS, individually, and on behalf of others similarly situated (plaintiffs) move, by

[* 1]

motion sequence no. 002, for an order certifying that this case may proceed as a class action (see CPLR §§ 901, 902).

Defendant THE HALLEN CONSTRUCTION CO., INC. (Hallen Co.) opposes the motion in its entirety. It argues broadly that (1) the circumstances particular to the individual members prevent the requisite commonality and typicality required for class certification, and that (2) better methods than a class action exist for the adjudication of this controversy.

In the alternative, subject to the court granting the motion, Hallen Co. requests modification of plaintiffs' proposed notice and publication order for class certification.

For the reasons discussed below, the court grants plaintiffs' motion, and grants defendant's request for modification of the proposed notice and publication order, on plaintiffs' consent.

## BACKGROUND

Defendant THE HALLEN CONSTRUCTION CO., INC. (Hallen Co.), is a construction company whose principal business is performing gas and electrical work in New York, New York. Plaintiffs DANIEL ROSARIO and DEAN LEWIS, and putative class members, are construction laborers and/or labor foremen (plaintiffs), who

**157141/2021  ROSARIO, DANIEL ET AL vs. THE HALLEN CONSTRUCTION CO., INC.**
**Motion No.  002**

**Page 2 of 12**

[* 2]

2 of 12

worked in those capacities for Hallen Co. from August 2015 to the present.

Plaintiffs allege that, during said time, Hallen Co. had a de facto policy and/or practice of requiring them to travel to the employer's yard on workdays at or around 6:00AM to pick up vehicles, load trucks, retrieve paperwork and/or obtain work assignments (see NY St Cts Elec Filing [NYSCEF] Doc. Nos. 50-62, Affirmations of Plaintiffs). Further, plaintiffs allege that they would then drive from the yard to their project sites and, at the end of the day, return to Hallen Co.'s yard before heading home (see id.).

According to plaintiffs, these activities constituted work for which they did not receive pay. Therefore, plaintiffs seek "unpaid wages for: (ii) show-up time at Hallen's yard; (ii) travel time from Hallen's yard to the first work site, and (iii) travel time from the work site back to Hallen's yard at the end of the day" (NYSCEF Doc. No. 47, notice of motion, exhibits B to N). However, Hallen Co. contends that it compensated plaintiffs correctly and that no de facto policy existed or exists in the company, requiring employees to engage in the alleged activities without pay.

Consequently, plaintiffs DANIEL ROSARIO and DEAN LEWIS, individually, and on behalf of others similarly situated, commenced this action against Hallen Co., asserting causes of

157141/2021   ROSARIO, DANIEL ET AL vs. THE HALLEN CONSTRUCTION CO., INC.          Page 3 of 12
Motion No. 002

3 of 12

[* 3]

action for unpaid wages and unpaid overtime, pursuant to Labor Law §§ 191 and 633. Now, by motion sequence no. 002, plaintiffs move for an order, certifying that this case may proceed as a class action (see CPLR §§ 901, 902).

New York State's class action mechanism is codified in article 9 of the CPLR (see L 1975, ch 207, § 1), which is "to be construed liberally in favor of class certification" (see Chernett v Spruc 1209, LLC, 200 AD3d 596, 598 [1st Dept 2021] [citations omitted]). This is due to "the general command for liberal construction of all CPLR sections (see CPLR 104)" and the Legislature's "intent[ion for] article 9 to . . . substitute for the narrow class action legislation which preceded it" (City of New York v Maul, 14 NY3d 499, 509 [2010]).

It follows that to prevail on class certification plaintiffs need only satisfy "the minimum threshold that their claim [is] not a sham" (Chua v Trim-Line Hitech Contr. Corp., 225 AD3d 565, 565 [1st Dept 2024]; see also Teshabaeva v. Family Home Care Servs. of Brooklyn & Queens, Inc., 220 AD3d 519, 520-521 [1st Dept 2023]). Further, plaintiffs must establish -- by competent evidence in admissible form (see Weinstein v Jenny Craig Operations, Inc., 138 AD3d 546, 546 [1st Dept 2016]) -- the following prongs:

157141/2021   ROSARIO, DANIEL ET AL vs. THE HALLEN CONSTRUCTION CO., INC.      Page 4 of 12
Motion No.  002

4 of 12

[* 4]

"1. the class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable [numerosity];

"2. there are questions of law or fact common to the class which predominate over any questions affecting only individual members [commonality];

"3. the claims or defenses of the representative parties are typical of the claims or defenses of the class [typicality];

"4. the representative parties will fairly and adequately protect the interests of the class [adequacy]; and

"5. a class action is superior to other available methods for the fair and efficient adjudication of the controversy [superiority]"

(CPLR § 901; see also Maddicks v Big City Props., LLC 34 NY3d 116, 123 [2019] [stating section 901 covers "five [requisite] factors – sometimes characterized as 'numerosity, commonality, typicality, adequacy of representation and superiority'"], quoting City of New York v Maul, 14 NY3d at 508).

Here, no dispute exists as to the merits of the claims for purposes of certification. Also, no dispute exists that plaintiff established numerosity or adequacy, pursuant to CPLR § 901 (a) (1) and (4).

Therefore, the questions presented are whether plaintiffs established (1) commonality -- that the questions of law or fact common to the class predominate over questions affecting only

**157141/2021 ROSARIO, DANIEL ET AL vs. THE HALLEN CONSTRUCTION CO., INC.**
**Motion No. 002**

**Page 5 of 12**

5 of 12

individual members, (2) <u>typicality</u> -- that the claims or defenses are typical of the class, so that the representative parties also advance the interests of the absent class members, and (3) <u>superiority</u> -- that class action litigation is superior to other available methods of adjudicating the subject claims.

This court answers each of these questions in the affirmative, as discussed, in turn, below.

*Commonality*

The commonality prerequisite "requires predominance of common questions over individual questions, not identity or unanimity of common questions, among class members" (<u>Burdick v Tonoga, Inc.</u>, 179 AD3d 53, 56 [3d Dept 2019], <u>citing</u> <u>Ferrari v National Football League</u>, 153 AD3d 1589, 1591 [2017]). Further, existing "question[s] peculiar to each individual . . . . [are] not fatal" to class action certification (<u>City of New York v Maul</u>, 14 NY3d at 514 [internal quotation marks and citations omitted; <u>Burdick</u>, 179 AD3d at 56]).

Key is the existence of a central issue that -- once determined -- has a direct impact on the validity of each one of the individual claims (<u>see</u> <u>Burdick</u>, 179 AD3d at 56, <u>citing</u> <u>Wal-Mart Stores, Inc. v Dukes</u>, 564 US 338, 350 [2011]).

**157141/2021  ROSARIO, DANIEL ET AL vs. THE HALLEN CONSTRUCTION CO., INC.**
**Motion No.  002**

**Page 6 of 12**

[* 6]

6 of 12

Applying this standard here, plaintiff has established commonality. The crux of this action is the allegation that Hallen Co. has a de facto policy or practice that resulted in laborers and labor foreman engaging in unpaid work and overtime from August 2015 until the present. Determination of this common issue of fact is dispositive to the individual claims of injury.

Further, individualized damage assessments based on the alleged de facto policy or practice do not undermine commonality (see generally Chua, 225 AD3d at 566 [1st Dept 2024]). The difference in determining the amount, if any, of unpaid wages or overtime, appears irrelevant to the main question whether such a systemic practice exists.

The court finds unavailing Hallen Co.'s argument that commonality is lost here because the determination of plaintiffs' compensation depends on factors that must be resolved in "mini-trials [sic] for each construction employee and each workweek" (NYSCEF Doc. No. 69, memorandum of law in opposition, p 21).

First, the argument is conclusively stated and sounds more like an argument based on damages being individualized. Second, the trial court decision upon which Hallen Co. relies for this contention is clearly distinguishable from the facts alleged

**157141/2021  ROSARIO, DANIEL ET AL vs. THE HALLEN CONSTRUCTION CO., INC.**
**Motion No. 002**

**Page 7 of 12**

7 of 12

[* 7]

here (see Carni v Continental Home Loans, Inc., 44 Misc. 3d 788 [Sup Ct Nassau Cty 2014]).

In Carni, the trial court found against commonality where the proposed class consisted of bank loan officers, alleging a failure to pay overtime (see id., at 796). Said "plaintiffs' claims pertain[ed] to differently classified loan officers, in different Continental locations, under different managers, who performed duties inside and outside of their offices to varying degrees in different way" (id. at 798 [citation omitted]). Given those many differences, the court concluded that "common legal and/or factual issues d[id] not predominate over [the] individualized claims and [that] the interests of judicial economy would not be served" in adjudicating the issues through a class action (id. at 799).

In stark contrast, this case involves the allegation of a singular de facto policy or practice involving laborers and labor foremen reporting to, working at, and/or traveling to the same yard, during a specific time (see generally Maddicks v Big City Props., LLC, 34 NY3d at 125 [finding commonality where a complaint addressed "harm effectuated through a variety of approaches but within a common systemic plan"]).

**157141/2021  ROSARIO, DANIEL ET AL vs. THE HALLEN CONSTRUCTION CO., INC.**
**Motion No. 002**

**Page 8 of 12**

8 of 12

[* 8]

## *Typicality*

To satisfy the typicality requirement, plaintiffs must show that their "claims derive from the same practice or course of conduct that gave rise to the remaining claims of other class members and is based upon the same legal theory" (Kozak v. Kushner Vil. 329 E. 9th St. LLC, 2024 NY App Div LEXIS 6244, *5-6, 2024 NY Slip Op 05891 [1st Dept 2024] quoting Pludeman v Northern Leasing Sys., Inc., 74 AD3d 420, 423 [1st Dept 2010]).

Here, again, plaintiffs have satisfied their burden. Plaintiffs allege having faced a systemwide denial of wages and overtime at a particular work yard, as opposed to isolated difficulties, and they seek the same relief. This shared fact pattern gives rise to corresponding legal issues in the context of the stated causes of action, pursuant to Labor Law §§ 191 and 633.

Further, as previously stated in the context of commonality, individualized damage assessments based on the alleged practice of unpaid wages "does not weigh substantially against class certification" (Chua, 225 AD3d at 566, citing generally Brown v Mahdessian, 206 AD3d 511, 512 [1st Dept 2022]; Weinstein v Jenny Craig Operations, Inc., 138 AD3d 546, 547 [1st Dept 2016]).

**157141/2021   ROSARIO, DANIEL ET AL vs. THE HALLEN CONSTRUCTION CO., INC.**       **Page 9 of 12**
**Motion No.  002**

9 of 12

[* 9]

*Superiority*

Plaintiffs have also established that "a class action [on this matter] is superior to other available methods for the fair and efficient adjudication of the controversy" (CPLR § 901 [a] [5]). This case involves allegations of unpaid wages and overtime, and the controlling Appellate Division, has broadly held that a class action is the "superior vehicle" for resolving wage disputes, even where class members have different work histories (Rodriguez v. Tri-Borough Certified Home Care, Ltd., 227 AD3d 557, at 558 [1st Dept 2024], citing e.g. Chua, 225 AD3d at 565; Lavrenyuk v Life Care Servs., Inc., 198 AD3d 569, 570 [1st Dept 2021], lv dismissed 38 NY3d 1021 [2022]).

This type of claim -- concerning allegations that a company failed to pay laborers and labor foremen -- is "unlikely to [otherwise] be litigated because the costs of individual cases outweigh the possible damages . . . " (Andryeyeva v New York Health Care, Inc., 33 NY3d 152, 183-184 [2019] [explaining New York's statutory class certification in the context of class certification motions on behalf of home healthcare aids], citing Sperry v Crompton Corp., 8 NY3d 204, 213 [2007] ["class actions are designed in large part to incentivize plaintiffs to sue when the economic benefit would otherwise be too small, particularly when taking into account the court costs and attorneys' fees

157141/2021   ROSARIO, DANIEL ET AL vs. THE HALLEN CONSTRUCTION CO., INC.          Page 10 of 12
Motion No.  002

10 of 12

typically incurred"]; Letter from Stanley Fink, June 2, 1975, Bill Jacket, L 1975, ch 207 ["(article 9) will enable persons similarly aggrieved to enforce existing substantive rights, which presently go without redress solely because of the financial impracticability of financing individual suits"]; 82 NY Jur 2d, Parties § 254 ["The statutory criteria governing the permissibility of class actions should be liberally construed so as to allow for the adjudication of claims that would not be economically litigable except by means of a class action"]).

Having found plaintiffs have satisfied the prerequisites of CPRL § 901, the court turns to Hallen Co.'s request, in the alternative, that plaintiffs modify the proposed notice and publication order. On record, during oral arguments, the parties consented to the court granting said request and issuing an order directing plaintiffs to file the modified documents.

Accordingly, it is

ORDERED that motion (sequence no. 002) of plaintiffs DANIEL ROSARIO and DEAN LEWIS, individually and on behalf of all other persons similarly situation, is granted; it is further

ORDERED that plaintiffs shall submit a modify proposed order and publication notice, in accordance with defendant HALLEN CONSTRUCTION CO., INC.'s objections thereto as set forth in defendant's memorandum of law in opposition, dated July 12, 2024, p 25 and 26 (NYSCEF Doc. No. 69); it is further

**157141/2021  ROSARIO, DANIEL ET AL vs. THE HALLEN CONSTRUCTION CO., INC.**          **Page 11 of 12**
**Motion No.  002**

[* 11]

ORDERED that plaintiffs shall file the proposed notice and publication order with the court within 30 days of this order with notice of entry; and it is further

ORDERED that plaintiffs shall serve defendants with notice of this order with notice of entry within 10 days of such entry.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

| 1/9/2025 | | | | |
|----------|--|--|--|--|
| **DATE** | | | **EMILY MORALES-MINERVA, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|------------|---|---------------|---|----------------------|---|
| | X | GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | ☐ | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | ☐ | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**157141/2021   ROSARIO, DANIEL ET AL vs. THE HALLEN CONSTRUCTION CO., INC.**          **Page 12 of 12**
**Motion No.  002**

12 of 12