Bago v La Brochette, Inc. (2025 NY Slip Op 06246)

Bago v La Brochette, Inc.

2025 NY Slip Op 06246

Decided on November 13, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 13, 2025

Before: Kern, J.P., Friedman, Kapnick, Shulman, Hagler, JJ. 

Index No. 153644/23|Appeal No. 5155|Case No. 2025-03188|

[*1]Andras Bago et al., Plaintiffs-Respondents,
v
La Brochette, Inc., et al., Defendants-Appellants.

Jacobs P.C., New York (Adam Sherman of counsel), for appellants.
Vladeck, Raskin & Clark, P.C., New York (Jeremiah Iadevaia of counsel), for respondents.

Order, Supreme Court, New York County (Lisa S. Headley, J.), entered on or about May 2, 2025, which granted plaintiffs' motion pursuant to CPLR article 9 for class certification on their wage and hour claims, unanimously affirmed, without costs, on the condition that plaintiffs file an affirmation in Supreme Court waiving their claim for liquidated damages under the Labor Law.
The court properly exercised its discretion by granting plaintiffs' motion for certification of the proposed class, because a class action is the appropriate method for adjudicating wage claims arising from an employer's alleged practice of underpaying its employees (see Lewis v Hallen Constr. Co., Inc., 193 AD3d 511, 512 [1st Dept 2021]; see also Weinstein v Jenny Craig Operations, Inc., 138 AD3d 546, 547 [1st Dept 2016]). Plaintiffs have shown that the number of potential class members identified exceeds any reasonable numerosity threshold (see Borden v 400 E. 55th St. Assoc., L.P., 24 NY3d 382, 399 [2014], citing Consolidated Rail Corp. v Town of Hyde Park, 47 F3d 473, 483 [2d Cir 1995]). Defendants acknowledge that there are 79 individuals who could meet plaintiffs' proposed class definition, and other evidence suggests that defendants employed at least 20 servers at any given time.
Plaintiffs satisfied the commonality requirement by alleging that defendants engaged in a pattern of unlawful employment practices that included tip pooling, withholding of tips, and failure to keep accurate time records (see Stanton v Dragonetti Bros. Landscaping Nursery & Florist Inc., 238 AD3d 578, 578-579 [1st Dept 2025]). Plaintiffs also showed typicality, as their wage claims arise from the same course of conduct giving rise to the claims by other putative class members (see Pludeman v Northern Leasing Sys., Inc., 74 AD3d 420, 424 [1st Dept 2010]).
While the motion court properly certified the class, it should also have required that plaintiffs waive their claim for liquidated damages under the Labor Law (see CPLR 901(b); Brown v Mahdessian, 206 AD3d 511, 511 [1st Dept 2022] [class certification not barred where the liquidated damages authorized by the relevant statutes qualified as non-mandatory penalties, and counsel asserted that the plaintiff did not seek penalties]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 13, 2025