STANISLAW NAWROCKI et al., Respondents, v PROTO CONSTRUCTION & DEV. CORP. et al., Appellants, et al., Defendants. [919 NYS2d 11]—

Plaintiffs meet the requirements of CPLR 901 (a) (4) to fairly and adequately protect the interests of the class. The record reveals no conflict of interest between the class members and the class representatives. Indeed, plaintiffs seek the same relief as the class members—to receive the wages and benefits allegedly owed to them under public works contracts. The fact that plaintiffs only worked for defendants until 2004 does not preclude them from serving as the proposed class representatives of those employees who were employed by defendants in 2007, because defendants have not disputed that the commonality requirement of CPLR 901 (a) (2) and the typicality requirement of CPLR 901 (a) (3) have been met (*see Iglesias-Mendoza v La Belle Farm, Inc.*, 239 FRD 363, 370-371 [SD NY 2007]).

It is the function of the class action representative to act as a check on the attorneys in order to provide an additional assurance that in any settlement or other disposition the interests of the members of the class will take precedence over those of the attorneys (*see Tanzer v Turbodyne Corp.*, 68 AD2d 614, 620-621 [1979]). However, rigid application of this requirement is inappropriate where, as here, the class is comprised of laborers. Indeed, "[s]uch inflexibility runs counter to a principal objective of the class action mechanism—to facilitate recovery for those least able to pursue an individual action" (*Noble v 93 Univ. Place Corp.*, 224 FRD 330, 344 [SD NY 2004]). Although defendants allude to the proposed class representatives needing translation of their affidavits from English to Polish, a tenuous grasp of the English language is insufficient to render a putative class representative inadequate (*see e.g. In re Crazy Eddie Sec. Litig.*, 135 FRD 39, 41 [ED NY 1991]).

In addition, it is irrelevant that plaintiffs were employed by defendants as bricklayers yet seek to represent all the trades

that were present at the public works construction sites. Indeed, "[t]he fact that different trades are paid on a different wage scale and thus have different levels of damages does not defeat certification" (*Kudinov v Kel-Tech Constr. Inc.*, 65 AD3d 481, 482 [2009]).

As an initial matter, defendants failed to argue before the motion court that plaintiffs could not meet the superiority requirement of CPLR 901 (a) (5), because they did not exhaust their administrative remedies under the Labor Law. Therefore, this argument is unpreserved for appellate review (*see Matter of Rucker v NYC/NYPD License Div.*, 78 AD3d 535 [2010]). In any event, that plaintiffs did not exhaust their administrative remedies is again irrelevant, because "the Labor Law is not the exclusive remedy to recover prevailing wages" (*De La Cruz v Caddell Dry Dock & Repair Co., Inc.*, 22 AD3d 404, 405 [2005]). Instead, a "plaintiff class can proceed on . . . common-law breach of contract claims for underpayment of wages and benefits" (*Pesantez v Boyle Envtl. Servs.*, 251 AD2d 11, 12 [1998]). Here, the complaint's first cause of action asserts a claim for breach of the public works contracts. Thus, defendants' assertion, that because they failed to exhaust their administrative remedies under the Labor Law, plaintiffs failed to show that certification as a class action was superior to individualized causes of action, is without merit. Rather, since the damages allegedly suffered by an individual class member are likely to be insignificant, and the costs of prosecuting individual actions would result in the class members having no realistic day in court, we find that a class action is the superior vehicle for resolving this wage dispute (*see Weinberg v Hertz Corp.*, 116 AD2d 1, 7 [1986], *affd* 69 NY2d 979 [1987]).

We have reviewed defendants' remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, DeGrasse, Freedman and Abdus-Salaam, JJ.