■ JERZY DABROWSKI et al., Respondents, v ABAX INCORPORATED et al., Appellants, et al., Defendants. [923 NYS2d 505]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered July 27, 2010, which, to the extent appealed from, granted plaintiffs' (laborers on specified public works contracts) motion for class certification, denied defendants Abax Incorporated's, John Bleckman's and Edward Monaco's motion to compel discovery, and granted plaintiffs' cross motion for a protective order as to the discovery sought by defendants, unanimously affirmed, without costs.

Plaintiffs' evidence in support of class certification (*see generally* CPLR 901), including both the affidavits and paycheck stubs, demonstrated merit to plaintiffs' claims that they, and other similarly-situated laborers employed by the corporate defendant (Abax), may have been subject to a practice by Abax to underpay on wages, overtime and benefits during employment on public works contracts (*see generally Kudinov v Kel-Tech Constr. Inc.*, 65 AD3d 481 [2009]). Abax's argument that there was insufficient evidence that laborers other than the named plaintiffs (and three other identified employees) had been "aggrieved" by alleged improper pay practices, thus precluding a finding of requisite numerosity, is unavailing given the affidavits proffered by six laborers who attested, inter alia, that in the relevant years 2001 through 2007, they worked with between 50 and 100 laborers, and that Abax engaged in a regular practice of not paying the prevailing wages and attendant benefits (*see generally Kudinov*, 65 AD3d at 481-482; *Pesantez v Boyle Envtl. Servs.*, 251 AD2d 11 [1998]). The commonality of the putative class's wage/benefits claims, and their typicality (*see* CPLR 901), predominate over any alleged individualized claims.

The evidence indicates that Abax regularly presented the plaintiffs with paychecks that did not set forth the hours worked, the rate of pay, or the benefits accrued. It is also alleged that Abax did not post the prevailing wages, as required by law, at any of the project sites at which plaintiffs worked. While Abax argues that too many variables existed among the putative class of laborers to group them in a single action, including their varying job titles, pay rates, and the differing project sites and contracts involved, we find that the laborers' pay claims were not complex, and that the pay scales, hours worked and other relevant contract information would typically be well-documented for the public works projects at issue (*see generally Kudinov*, 65 AD3d at 482). Abax's argument that the class, as defined, is overbroad as it would potentially include public works projects on which none of the plaintiffs worked during the years 2001 through 2007, is unavailing. The wage, overtime and benefits claims associated with public works projects, as asserted herein, should be readily identifiable, if they exist, and well-documented.

The motion court correctly determined that the plaintiffs are adequate representatives for the putative class, as they have thus far engaged in a contentious and litigious prosecution of the instant matter. Plaintiffs' counsel has demonstrated its expertise and zealous representation of the plaintiffs here, as well as in prior class action cases which have reached this court

on appeal (*see Kudinov*, 65 AD3d 481; *Nawrocki v Proto Constr. & Dev. Corp.*, 82 AD3d 534 [2011]). There is no evidence that plaintiffs lack the financial means to prosecute this case, or that the plaintiffs may have conflicts with other putative class members (*see generally Ackerman v Price Waterhouse*, 252 AD2d 179, 201-202 [1998]).

Abax's argument that it was denied due process when the court denied its motion to compel completion of discovery on precertification issues is unavailing. Not only had Abax engaged in a stonewalling of discovery sought by plaintiffs, its discovery requests had predominantly sought personal information from the immigrant plaintiffs for the apparent purpose to discourage prosecution of this action. In any event, Abax's hopes of gleaning information that would question plaintiffs' financial capability to prosecute this action, and/or to show that plaintiffs' interests conflicted with those of the putative class, are not a sound basis for overturning the court's discretionary decision not to compel further discovery on the class certification issue.

Finally, the proposed class action is superior to the prosecution of individualized claims in an administrative proceeding in view of the difference in litigation costs, the laborers' likely insubstantial means, and the modest damages to be recovered by each individual laborer, if anything (*see generally Nawrocki*, 82 AD3d at 536; *Pesantez*, 251 AD2d at 12).

We have considered defendants' remaining arguments and find them unpreserved and/or unavailing. Concur—Tom, J.P., Saxe, Moskowitz, Acosta and Abdus-Salaam, JJ. [**Prior Case History: 2010 NY Slip Op 31981(U).**]