■ CHRISTOPHER STECKO et al., Respondents, v RLI INSURANCE COMPANY, Appellant, et al., Defendants. [995 NYS2d 12]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered on or about July 12, 2013, which granted plaintiffs' motion for class certification, unanimously affirmed, without costs.

The motion court did not improvidently exercise its discretion in holding that plaintiffs satisfied the prerequisites for class certification (*see* CPLR 901 [a]). Plaintiffs' affidavits stating that they recalled working with at least fifty other workers estab-

lished that the class is so numerous that joinder of all members is impracticable (CPLR 901 [a] [1]; *see Galdamez v Biordi Constr. Corp.*, 50 AD3d 357 [1st Dept 2008]). The commonality prerequisite is met since all members of the class allege that defendant Three Generations Contracting, Inc. failed to pay the required prevailing wage and supplemental benefits owed to them (*Orgill v Ingersoll-Rand Co.*, 110 AD3d 573, 574 [1st Dept 2013]). We reject defendant RLI Insurance Company's contention that the wages owed to the different trades would be too highly individualized (*see Pludeman v Northern Leasing Sys., Inc.*, 74 AD3d 420, 421-422 [1st Dept 2010]). The fact that "different trades are paid on a different wage scale and thus have different levels of damages does not defeat certification" (*Kudinov v Kel-Tech Constr. Inc.*, 65 AD3d 481, 482 [1st Dept 2009]; *see Dabrowski v Abax Inc.*, 84 AD3d 633, 634 [1st Dept 2011]; *Nawrocki v Proto Constr. & Dev. Corp.*, 82 AD3d 534, 536 [1st Dept 2011]).

Similarly, plaintiffs' claims are typical of the claims of all class members since they each arise from Three Generations' alleged failure to pay prevailing wages and supplemental benefits (*see* CPLR 901 [a] [3]; *see Friar v Vanguard Holding Corp.*, 78 AD2d 83, 99 [2d Dept 1980]).

The record supports a finding that plaintiffs and their counsel can adequately represent the class (*see* CPLR 901 [a] [4]; *Dabrowski*, 84 AD3d at 634). We find no merit to RLI's contention that plaintiffs have not demonstrated that they have sufficient knowledge of the claims to serve as class representatives, since the named plaintiffs possess more than the required "general awareness of the claims" at issue (*see Brandon v Chefetz*, 106 AD2d 162, 170 [1st Dept 1985]).

We note that, as we have previously held, a class action is the "superior vehicle" for resolving wage disputes "since the damages allegedly suffered by an individual class member are likely to be insignificant, and the costs of prosecuting individual actions would result in the class members having no realistic day in court" (*Nawrocki*, 82 AD3d at 536; *see also Dabrowski*, 84 AD3d at 635).

Plaintiffs have also satisfied the additional factors set forth in CPLR 902 for class certification.

We note that the motion court was not required to apply the "rigorous analysis" standard utilized by the federal courts in addressing class certification motions under rule 23 (b) of the Federal Rules of Civil Procedure, given this Court's recognition that CPLR 901 (a) "should be broadly construed" and that "the Legislature intended article 9 to be a liberal substitute for the

narrow class action legislation which preceded it" (*City of New York v Maul*, 14 NY3d 499, 509 [2010]).

We have considered RLI's remaining contentions and find them unavailing. Concur—Tom, J.P., Renwick, Moskowitz, Richter and Kapnick, JJ.