Isufi v Prometal Constr., Inc. (2018 NY Slip Op 03743)





Isufi v Prometal Constr., Inc.


2018 NY Slip Op 03743


Decided on May 24, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 24, 2018

Friedman, J.P., Gische, Andrias, Kern, Oing, JJ.


653265/12 6652 6651

[*1]Erjon Isufi, et al., Plaintiffs-Respondents,
v
Prometal Construction, Inc., Defendant-Appellant, RLI Insurance Company, Defendant.


FordHarrison LLP, New York (Eric Su of counsel), for appellant.
Virginia & Ambinder, LLP, New York (Michele A. Moreno of counsel), for respondents.



Orders, Supreme Court, New York County (Debra A. James, J.), entered April 5, 2017, which denied defendants' motion to dismiss the complaint, and granted plaintiffs' motion for class certification for employees of defendant Prometal Construction, Inc. who worked at the "Ingersoll Houses Project," unanimously affirmed, without costs.
This action to recover for underpayment of prevailing wages required by the Federal Housing Act for a public works contract is not barred by collateral estoppel based on a prior determination by NYCHA on this issue (see Cox v NAP Constr. Co., Inc., 10 NY3d 592 [2008]).
Plaintiffs were not parties to the administrative proceeding before NYCHA, they did not have any right to participate in the proceeding before NYCHA and they were not in privity with an affected party (see ABN AMRO Bank, N.V. v MBIA Inc., 17 NY3d 208, 227 [2011]; Matter of Bleecker St. Inv., LLC v Zabari, 148 AD3d 577 [1st Dept 2017]).
Prometal's argument that this action is barred because NYCHA has primary jurisdiction over all prevailing wage violation claims is also unavailing. Although plaintiffs triggered the administrative review process by filing their initial complaint with NYCHA, plaintiffs were not limited to commencing an Article 78 proceeding to challenge NYCHA's determination. Indeed, the Court of Appeals has held that a party need not exhaust administrative remedies prior to bringing a private state action alleging underpayment of prevailing wages (see Cox, supra).
Plaintiffs satisfied the conditions for class certification (see Stecko v RLI Ins. Co., 121 AD3d 542 [1st Dept 2014]; Dabrowski v Abax Inc., 84 AD3d 633 [1st Dept 2011]; Nawrocki v Proto Constr. & Dev. Corp., 82 AD3d 534 [1st Dept 2011]; Kudinov v Kel-Tech Constr. Inc., 65 AD3d 481 [1st Dept 2009]). Prometal argues that further discovery would enable it to show that the individuals that comprise the proposed class may not have been employed by it. However, it failed to adduce evidence that any of these individuals was not employed by it. Prometal's contention that this Court should decide the class certification motion according to the rigorous standard of analysis used by the federal courts in addressing class certification is in error (see [*2]Stecko, 121 AD3d at 543-544). The threshold determination made in connection with class certification is not intended to be a substitute for summary judgment or trial (see Kudinov, 65 AD3d at 482).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 24, 2018
CLERK