Lewis v Hallen Constr. Co., Inc. (2021 NY Slip Op 02249)





Lewis v Hallen Constr. Co., Inc.


2021 NY Slip Op 02249


Decided on April 13, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 13, 2021

Before: Kapnick, J.P., Kern, Singh, Scarpulla, JJ. 


Index No. 151729/17 Appeal No. 13570-13571 Case No. 2020-01427 2020-01614 2020-01615 

[*1]Dean Lewis et al. Plaintiffs-Respondents,
v
The Hallen Construction Co., Inc., Defendant-Appellant, John Doe Bonding Company, Defendant.


Westermann Sheehy Keenan Samaan & Aydelott, LLP, East Meadow (Peter S. Samaan of counsel), for appellant.
Virginia & Ambinder, LLP, New York (James Emmet Murphy of counsel), for respondents.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered on or about May 3, 2019, which, insofar as appealed from as limited by the briefs, denied defendant Hallen Construction Co., Inc.'s motion to dismiss the complaint pursuant to CPLR 3211(a)(2) or for summary judgment dismissing the complaint, and order, same court and Justice, entered on or about July 11, 2019, which granted plaintiffs' motion pursuant to CPLR 901 and 902 to certify this action as a class action, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered August 9, 2019, which directed defendant's counsel to provide plaintiffs' counsel with the names and last known addresses of each class member and plaintiffs' counsel to send a notice of class action to all class members by first-class mail within 15 days of receipt of the list, unanimously dismissed, without costs.
Assuming, without deciding, that collective bargaining agreements have some relevance to the merits of plaintiffs' prevailing wage claims, the motion court correctly found that those claims are not preempted by section 301 of the federal Labor Management Relations Act of 1947 (61 US Stat 156, codified at 29 USC § 185) (see Wysocki v Kel-Tech Constr. Inc., 46 AD3d 251 [1st Dept 2007]). Whether or not the construction projects at issue were public works projects is not dispositive since the prevailing wage requirements of Labor Law § 220 were applicable pursuant to both Administrative Code of City of NY § 19-142 and a contractual provision.
The court providently exercised its discretion in granting plaintiffs' motion for class certification (CPLR 901). Affidavits by both of the named plaintiffs and three other former employees of defendant attesting that at least 30 to 50 workers performed the work at issue establish the numerosity of the class, and commonality and typicality are established by the fact that all the claims arise from defendant's alleged failure to pay prevailing wages (see Stecko v RLI Ins. Co., 121 AD3d 542 [1st Dept 2014]; Dabrowski v Abax Inc., 84 AD3d 633 [1st Dept 2011]; Kudinov v Kel-Tech Constr. Inc., 65 AD3d 481, 482 [1st Dept 2009]; Pesantez v Boyle Envtl. Servs., 251 AD2d 11, 12 [1st Dept 1998]). Moreover, "a class action is the superior vehicle for resolving wage disputes since the damages allegedly suffered by an individual class member are likely to be insignificant, and the costs of prosecuting individual actions would result in the class members having no realistic day in court" (Stecko, 121 AD3d at 543 [internal quotation marks omitted]). Plaintiffs established that the court is a proper forum by presenting evidence that much of the work at issue was performed in New York County (see Galdamez v Biordi Constr. Corp., 13 Misc 3d 1224[A], 2006 NY Slip Op 51969[U], *5 [Sup Ct, NY County 2006], affd 50 AD3d 357 [1st Dept 2008]). Defendant's arguments about its place of business and its employees' residences are unavailing, in light of its contractual [*2]consent to litigating in state courts located in New York City and conducting discovery in New York City.
The August 2019 order is not appealable as of right (CPLR 5701[a][2]), as defendant concedes, and we decline to consider the notice of appeal as a motion for leave to appeal. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 13, 2021