Kurovskaya v Project O.H.R. (Office for Homecare Referral), Inc. (2021 NY Slip Op 03280)





Kurovskaya v Project O.H.R. (Office for Homecare Referral), Inc.


2021 NY Slip Op 03280


Decided on May 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 25, 2021

Before: Renwick, J.P., Webber, González, Scarpulla, JJ. 


Index No. 150480/16 Appeal No. 13908-13908A Case No. 2020-04902, 2021-00285 

[*1]Natalya Kurovskaya et al., Plaintiffs-Respondents,
v
Project O.H.R. (Office for Homecare Referral), Inc., Defendant-Appellant.


Peckar & Abramson, P.C., New York (Kevin J. O'Connor of counsel), for appellant.
Virginia & Ambinder, LLP, New York (LaDonna M. Lusher of counsel), for respondents.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about December 2, 2020, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motion for class certification and leave to amend the complaint, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered on or about January 14, 2021, which approved the form and publication of notice of the class action, unanimously dismissed, without costs, as abandoned.
Plaintiffs and the putative class members are former nonresidential home health aides and/or personal care assistants who worked for defendant in New York between January 20, 2010 and the present. Plaintiffs allege, inter alia, that defendant regularly underpaid the putative class members for time worked, as it paid the same rate for regular work and overtime. They also allege that they were paid flat "per diem" rates for 24-hour or "live-in" shifts, which compensated approximately 12 hours of work, even though they worked most of the 24-hour shifts and were given neither three one-hour meal breaks nor allowed eight hours of sleep with five hours uninterrupted. Plaintiffs allege that defendant failed to maintain adequate records, compensate them for hours worked, and ensure that they received appropriate sleep facilities.
The motion court properly found that plaintiffs submitted sufficient evidence to satisfy the requirements of CPLR 901. Plaintiffs showed numerosity by providing evidence that at least 1,000 home health aides worked for defendant and that 25 different people attended each of the twice-yearly mandatory training sessions attended by plaintiffs (see Stecko v RLI Ins. Co., 121 AD3d 542 [1st Dept 2014]). They provided competent evidence to show that there were issues of law and fact common to the class that predominated over any individual member's issues. Plaintiffs submitted sworn testimony from three former employees, defendant's policy manual, and paystubs to show that defendant did not provide different wage rates for regular work and overtime and that it did not have any system to ensure that home health aides received meal breaks and appropriate sleep benefits, despite the fact that it was only paying them for 12 hours out of a 24-hour shift. This evidence satisfies the minimum threshold of establishing that their claim is not a sham (see Weinstein v Jenny Craig Operations, Inc., 138 AD3d 546, 547 [1st Dept 2016]).
Moreover, "[c]laims of uniform systemwide wage violations are particularly appropriate for class certification" (Andryeyeva v New York Health Care, Inc., 33 NY3d 152, 184 [2019]). Both named plaintiffs submitted evidence to show that they were not paid proper wages by defendant due to its policies, and the motion court properly determined that these claims are typical of the claims of the proposed class. As this is a wage dispute and the cost of litigation would likely be prohibitive for individuals, given their individual damages, the court [*2]properly found that a class action was the superior vehicle for resolving these disputes (Stecko, 121 AD3d at 543; Nawrocki v Proto Constr. & Dev. Corp., 82 AD3d 534, 536 [1st Dept 2011]). Finally, the CPLR 902 factors weigh in favor of class certification; there may be significant discovery and litigation required to prosecute the class action, but the burden on the litigants and the courts would be significantly increased if 1,000 potential individual lawsuits were pursued.
The court properly granted plaintiffs leave to amend the complaint. The Living Wage Law (Administrative Code of City of NY § 6-109) claim is based upon the same factual allegations as the Labor Law claims and is not futile on the face of this record. Defendant has failed to show prejudice as a result of the proposed amendment, as discovery is ongoing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 25, 2021