Lavrenyuk v Life Care Servs., Inc. (2021 NY Slip Op 05817)





Lavrenyuk v Life Care Servs., Inc.


2021 NY Slip Op 05817


Decided on October 26, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 26, 2021

Before: Gische, J.P., Webber, Mazzarelli, Shulman, Pitt, JJ. 


Index No. 156393/17 Appeal No. 14504-14504A Case No. 2021-02414 

[*1]Olena Lavrenyuk, Individually and on Behalf of all Others Similarly Situated, Plaintiff-Respondent,
v
Life Care Services, Inc., Defendant-Appellant.


Peckar & Abramson, P.C., New York (Aaron C. Schlesinger of counsel), for appellant.
Virginia & Ambinder, LLP, New York (LaDonna M. Lusher of counsel), for respondent.



Orders, Supreme Court, New York County (Alexander M. Tisch, J.), entered June 30, 2020, which granted plaintiff's motion for class certification and leave to amend the complaint, denied defendant's cross motion to strike the affidavit of a putative class member and for counsel fees and sanctions, and approved the form and publication of notice of the class action, unanimously affirmed, without costs.
Defendant's records indicating that the putative class member never worked any shifts are not conclusive as to her employment status, but simply raise a question of fact as to the veracity of her affidavit, since the records show that the putative class member was considered an employee and participated in an in-service training program. There is no evidence to support defendant's claim that plaintiff or her counsel submitted the affidavit knowing that it was materially false, and notably, one of plaintiff's central claims is that defendant did not keep accurate records of the hours worked by its employees.
The court did not improvidently exercise its discretion in determining that plaintiff met her burden of demonstrating the prerequisites for class action certification under CPLR 901 and 902 (see Ackerman v Price Waterhouse, 252 AD2d 179, 191 [1st Dept 1998]). In support of her motion for certification, plaintiff submitted evidence that she worked with at least 40 other home health aides, and also submitted her paystubs and those of other employees. Plaintiff sufficiently established that the class was so numerous that joinder of all members was impracticable and provided evidence that the commonality and typicality of her claims were well suited to class action, which has been determined to be a superior vehicle for resolving the type of widespread wage violations alleged here (see Andryeyeva v New York Health Care, Inc., 33 NY3d 152, 184 [2019]; Stecko v RLI Ins. Co., 121 AD3d 542, 542-543 [1st Dept 2014]). The CPLR 902 factors also weigh in favor of class certification, given that the burden on litigants and on courts would likely be significantly increased if aggrieved employees were forced to pursue individual lawsuits.
The court properly granted plaintiff's motion for leave to amend the complaint. The proposed amendments, which consist largely of related factual allegations, are not palpably insufficient or devoid of merit on the face of this record (see MBIA Ins. Corp. v Greystone & Co., Inc., 74 AD3d 499, 499 [1st Dept 2010]). Furthermore, defendant fails to show prejudice or surprise, as discovery is ongoing (see Kurovskaya v Project O.H.R. (Office for Homecare Referral), Inc., 194 AD3d 612, 614 [1st Dept 2021]).
We have considered defendant's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 26, 2021