Chua v Trim-Line Hitech Constr. Corp. (2024 NY Slip Op 01760)

Chua v Trim-Line Hitech Constr. Corp.

2024 NY Slip Op 01760

Decided on March 28, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 28, 2024

Before: Manzanet-Daniels, J.P., Kapnick, González, Mendez, Pitt-Burke, JJ. 

Index No. 156384/19 Appeal No. 1948 Case No. 2022-04425 

[*1]Wilfred Chua et al., Plaintiffs-Respondents,
v
Trim-Line Hitech Construction Corp. et al., Defendants, J. Kokolakis Contracting, Inc., Defendant-Appellant. J. Kokolakis Contracting, Inc., Third-Party Plaintiff-Appellant,

Trif & Modugno LLC, New York (Kevin S. Brotspies of counsel), for appellant.
Virginia & Ambinder, LLP, New York (Lloyd R. Ambinder of counsel), for respondents.

Order, Supreme Court, New York County (Debra A. James, J.), entered September 26, 2022, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motion for class certification, unanimously affirmed, without costs.
The named plaintiffs sue individually and on behalf of putative class members who performed construction work, including sheet-metal work, on about 14 publicly-financed projects throughout the New York metropolitan area between June 2013 and the present for nonparty government entities. They seek to recover the prevailing rate of wages and supplemental benefits as required by the collective bargaining agreements entered into by appellant J. Kokolakis Contracting, Inc. and other prime contractor defendants.
The motion court providently exercised its discretion in holding that plaintiffs satisfied the prerequisites for class certification under CPLR 901 and 902 (see Galdamez v Biordi Constr. Corp., 50 AD3d 357, 358 [1st Dept 2008]). The affidavits submitted by the named plaintiffs and two other former employees of defendants Trim-Line Construction Corp. and TLH Construction Corp. (together, the Trim-Line defendants) established the numerosity of the class by identifying at least 39 coworkers who performed construction work, including sheet-metal work and other construction-related tasks at issue, on behalf of those defendants during the relevant time period (see Lewis v Hallen Constr. Co., Inc., 193 AD3d 511, 512 [1st Dept 2021]). There is no requirement that plaintiff must identify at least 40 members to demonstrate numerosity (see Klakis v Nationwide Leisure Corp., 73 AD2d 521, 522 [1st Dept 1979]; see also Harriss v Pan American World Airways, Inc., 74 FRD 24, 44-45 [ND Cal 1977]).
Additionally, plaintiffs met the commonality and typicality prerequisites because the members of the class allege that the Trim-Line defendants failed to pay the required prevailing wage and supplemental benefits owed to them (see Stecko v RLI Ins. Co., 121 AD3d 542, 543 [1st Dept 2014]; Pludeman v Northern Leasing Sys., Inc., 74 AD3d 420, 423 [1st Dept 2010]). A class action is the superior vehicle for resolving this prevailing wage dispute because plaintiffs have shown that the damages allegedly suffered by an individual class member are likely to be insignificant and that the costs of prosecuting individual actions would result in the class members having no realistic day in court (see Nawrocki v Proto Constr. & Dev. Corp., 82 AD3d 534, 536 [1st Dept 2011]).
Appellant's other arguments disputing the merits of plaintiffs' claims are not persuasive. Individualized damages assessments based on the Trim-Line Defendants' purportedly systematic policies of paying lower wages do not undermine commonality or weigh substantially against class certification (see Brown v Mahdessian, 206 AD3d 511, 512 [1st Dept 2022]; Weinstein v Jenny Craig Operations, Inc., 138 AD3d 546, 547 [1st Dept 2016]). That two plaintiffs and a former employee of [*2]the Trim-Line defendants performed nonprevailing wage work during the relevant time period does not require a different result.
The affidavits and paycheck stubs submitted by plaintiffs in support of their certification motion demonstrate merit to their claims that they and other similarly situated individuals who performed construction work, including sheet-metal work and other construction-related tasks on projects requiring payment of prevailing wages and supplemental benefits, were not paid those wages and benefits during the relevant time period by the Trim-Line defendants (see Dabrowski v Abax Inc., 84 AD3d 633, 634 [1st Dept 2011]). This evidence also suggests that defendants failed to maintain adequate records related to their compliance with Labor Law requirements or to the hours that the employees actually worked (see Teshabaeva v Family Home Care Servs. of Brooklyn & Queens, Inc., 220 AD3d 519, 521 [1st Dept 2023]). Although plaintiffs' averment that "most workers were paid below $30.00 per hour" because "a number of them" told them how much they were getting paid is hearsay, it is sufficient to satisfy the minimal threshold of establishing that their claim was not a sham (see Weinstein v Jenny Craig Operations, Inc., 138 AD3d at 547).
The CPLR 902 factors also weigh in favor of class certification, given that the burden on litigants and on the courts would likely be significantly increased if aggrieved employees were forced to pursue individual lawsuits (see Lavrenyuk v Life Care Services, Inc., 198 AD3d 569, 570 [1st Dept 2021]). Finally, the appeals filed by defendants Kiska Construction, Inc., Makro General Contractors, Inc., RMSK Contracting Corp., Forte Construction Corp., and T.A. Ahern Contractors Corp. from the order appealed are deemed abandoned because those defendants never perfected their appeals (see Golden v Multigas Distribs., 256 AD2d 215, 216 [1st Dept 1998]; Shramko v Hills Wrecking Corp., 52 AD2d 523, 523 [1st Dept 1976]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 28, 2024