Dabrowski v Abax Inc. (2025 NY Slip Op 02642)

Dabrowski v Abax Inc.

2025 NY Slip Op 02642

Decided on May 01, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 01, 2025

Before: Moulton, J.P., Friedman, Kapnick, Shulman, O'Neill Levy, JJ. 

Index No. 106778/07|Appeal No. 4268|Case No. 2024-04933|

[*1]Jerzy Dabrowski et al, Plaintiffs-Respondents,
v
Abax Incorporated et al., Defendants-Appellants, John Doe Bonding Companies 1-20., Defendants.

Bernard Kobroff, Scarsdale, and Milman Labuda Law Group PLLC, Lake Success (Joseph M. Labuda of counsel), for appellants.
Virginia & Ambinder, LLP, New York (Jack L. Newhouse of counsel), for respondents.

Order, Supreme Court, New York County (Francis A. Kahn, III, J.), entered on or about July 3, 2024, which denied defendants' motion to decertify the class and dismiss the class action, unanimously affirmed, with costs.
Supreme Court providently denied the motion for class decertification because defendants were unable to demonstrate that class treatment is no longer appropriate. The class was certified in July 2010, and this Court affirmed the certification order (see Dabrowski v Abax Inc., 84 AD3d 633, 634-635 [1st Dept 2011]). "CPLR 902 allows the trial court to decertify the class at any time before a decision on the merits if it becomes apparent that class treatment is inapposite" (City of New York v Maul, 14 NY3d 499, 514 [2010]; see CPLR 902; Matter of Colt Indus. Shareholder Litig., 77 NY2d 185, 196 [1991]). Here, the record fails to support defendants' arguments.
Defendant Abax Incorporated's contention that it did not have public work contracts with the New York City Department of Housing Preservation and Development (HPD) is belied by the December 2004 contract that defendants submitted for this proposition (see De La Cruz v Caddell Dry Dock & Repair Co., Inc., 21 NY3d 530, 538 [2013]). Under that contract, Abax was to be paid from public funds, specifically, "from City Capital Expense Funds," and if available, Abax could be paid with "Federal Funds under the Community Development Block Grant Program," regardless of whether Abax performed lead-based paint abatement on publicly owned or privately owned property.
Furthermore, the primary objective of the contract was to fulfill HPD's legal mandate to protect public health. The City Council has declared that the "existence of a lead-based paint hazard in any multiple dwelling where a child" under seven years old "resides ... constitute[s] a condition dangerous to life and health" (Administrative Code of City of NY § 27-2056.3). The City Council also empowered HPD to "correct" any violation deemed "dangerous to human life and safety or detrimental to health" (Administrative Code of City of NY § 27-2125[a], [d]). That residential units in privately owned buildings are not used or accessed by the public is not dispositive, as the test to
"determine whether a particular project is subject to the prevailing wage requirements
of Labor Law § 220" must "be applied on a case-by-case basis" (De La Cruz, 21 NY3d at 538).
As class certification is still appropriate, dismissal of the action is unwarranted.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 1, 2025