Stanton v Dragonetti Bros. Landscaping Nursery & Florist Inc. (2025 NY Slip Op 03029)

Stanton v Dragonetti Bros. Landscaping Nursery & Florist Inc.

2025 NY Slip Op 03029

Decided on May 20, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 20, 2025

Before: Webber, J.P., Friedman, Gesmer, Rosado, Michael, JJ. 

Index No. 651480/22|Appeal No. 4400|Case No. 2024-03246|

[*1]Ryan Stanton, et al., Plaintiffs-Respondents,
v
Dragonetti Brothers Landscaping Nursery & Florist Inc., et al., Defendants-Appellants, International Fidelity Insurance Company, Defendant.

The Law Firm of Adam C. Weiss, PLLC, Glen Cove (Adam C. Weiss of counsel), for appellants.
Pelton Graham LLC, New York (Brent E. Pelton of counsel), for respondents.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered on or about April 11, 2024, which, to the extent appealed from as limited by the briefs, certified this action as a CPLR 901 class action upon finding, inter alia, the requisite commonality and numerosity, unanimously affirmed, with costs.
The court properly certified plaintiffs' claims for breach of contract and recovery of wages pursuant to Labor Law § 220-g, among others, as a class action on behalf of all persons employed by defendant Dragonetti Brothers Landscaping Nursery & Florist Inc. at any time from August 15, 2015 through the entry of judgment, who worked as non-union flaggers.
Defendants' contention that plaintiffs failed to satisfy the CPLR 901 commonality and numerosity requirements is unavailing. Plaintiffs demonstrated commonality based on their claims that defendants systematically failed to pay prevailing wage rates and supplemental benefits to non-union flaggers working on public works contracts within the City of New York. Such claims are "particularly appropriate for class certification" (Dziura v Human Dev. Assn., Inc., 231 AD3d 615, 616-617 [1st Dept 2024] [internal quotation marks omitted]; see Chua v Trim-Line Hitech Constr. Corp., 225 AD3d 565, 566 [1st Dept 2024]). Differences in the specific job duties, places of work, and separate payment arrangements of class members do not defeat commonality, as a systematic pattern of failure to pay prevailing wages was alleged (see Stecko v RLI Ins. Co, 121 AD3d 542, 543 [1st Dept 2014]). Damages may be easily calculated based on defendants' payroll records. Plaintiffs also alleged a pattern by defendants of failing to provide the required statutory notices.
Plaintiffs demonstrated numerosity in that they provided a list of 107 putative class members (see Borden v 400 E. 55th St. Assoc., L.P., 24 NY3d 382, 399 [2014]), and defendants admitted that the class included at least 25 members.
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 20, 2025