Idahosa v MFM Contr. Corp. (2025 NY Slip Op 03762)

Idahosa v MFM Contr. Corp.

2025 NY Slip Op 03762

Decided on June 24, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 24, 2025

Before: Webber, J.P., Friedman, Kapnick, Higgitt, Michael, JJ. 

Index No. 654637/21|Appeal No. 4633|Case No. 2024-03801|

[*1]Hope Idahosa et al., Plaintiffs-Respondents,
v
MFM Contracting Corp., Defendant-Appellant, Network of Patrols, Inc., etc., Defendant-Respondent.

Goetz Platzer, LLP, New York (Gerard S. Strain of counsel), for appellant.
Pelton Graham LLC, New York (Taylor B. Graham of counsel), for Hope Idahosa, Adeyemi Salisu and Rhoel Henderson, respondents.

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered June 3, 2024, which, insofar as appealed from, granted plaintiffs' motion for class certification, unanimously modified, on the law, to deny the motion for certification with respect to the third cause of action for wage notice violations and deny the request for social security numbers of the proposed class members, and otherwise affirmed, without costs.
The court properly exercised its discretion insofar as it granted plaintiffs' motion for certification of the proposed class with respect to the prevailing wage claims. To the extent defendant contends that the motion should have been denied because the record evidence shows that the named plaintiffs and the proposed class members were not "flaggers," but were "crossing guards," for which there is no prevailing wage schedule promulgated by the Comptroller, any assessment of the merits at this juncture is a limited threshold inquiry to eliminate sham or spurious claims (see Konstantynovska v Caring Professionals, Inc., 215 AD3d 405, 406 [1st Dept 2023]; Weinstein v Jenny Craig Operations, Inc., 138 AD3d 546, 547 [1st Dept 2016]). Only where there is definitive and conclusive evidence vitiating plaintiffs' key factual assertions, which is apparent on the face of the record, may the class certification motion be denied on that basis. Here, the record does not so plainly refute plaintiffs' claim that they are entitled to prevailing wages because they were assigned and performed safety tasks, including tasks on defendant's public works construction sites, so as to show that the claim is spurious or a sham.
Similarly, plaintiffs' failure to exhaust administrative remedies is not a reason to deny the motion. Even if it would provide a valid legal basis for dismissal of all the claims asserted by the named plaintiffs (see Santana v San Mateo Constr. Corp., 234 AD3d 562, 563 [1st Dept 2025]; Nawrocki v Proto Constr. & Dev. Corp., 82 AD3d 534, 536 [1st Dept 2011]), the issue is not properly decided in the limited merits assessment applicable at this juncture.
The court correctly found that the record establishes the numerosity, commonality, and typicality required under CPLR 901, and that the class action mechanism is appropriate for such claims (see Lewis v Hallen Constr. Co., Inc., 193 AD3d 511, 512 [1st Dept 2021]; Stecko v RLI Ins. Co., 121 AD3d 542, 543 [1st Dept 2014]).
However, the court should not have granted class certification for the wage notice claims, which are based on the alleged failure to provide a notice of pay rate and pay day as required by Labor Law § 195(1), and seek liquidated damages, plus reasonable attorneys' fees and costs under Labor Law § 198(1-b). Where, as here, defendant pleaded a Labor Law § 198 statutory affirmative defense to the wage notice claim, the court should have declined to grant certification by applying the CPLR 901(b) prohibition against class actions seeking liquidated damages (see Thomas [*2]v JRCruz Corp., 2023 NY Slip Op 31149[U], *31 [Sup Ct, Kings County 2023]).
To the extent the court ordered defendants to provide the names, addresses, phone numbers, and email addresses of all class members, as well as social security numbers for all class members whose notice is returned as undeliverable without a forwarding address, the order is modified to deny the request for social security numbers. The court otherwise properly granted the request for phone numbers and e-mail addresses, which is a reasonable request to expedite class notification.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 24, 2025