Gordon v Triumph Constr. Corp. (2026 NY Slip Op 00581)

Gordon v Triumph Constr. Corp.

2026 NY Slip Op 00581

Decided on February 05, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 05, 2026

Before: Manzanet-Daniels, J.P., González, Shulman, Pitt-Burke, Chan, JJ. 

Index No. 656523/22|Appeal No. 5769|Case No. 2025-00122|

[*1]Javon Gordon et al., Plaintiffs-Respondents,
vTriumph Construction Corp., Defendant-Appellant, Cone Heads Ltd., et al., Defendants.

Cole Schotz P.C., New York (Courtney Gabrielle Hindin of counsel), for appellant.
Pelton Graham LLC, New York (Brent E. Pelton of counsel), for respondents.

Order, Supreme Court, New York County (Lori S. Sattler, J.), entered on November 27, 2024, which denied defendant Triumph Construction Corp.'s motion pursuant to CPLR 3211(a)(7) to dismiss plaintiffs' first cause of action for breach of contract, unanimously affirmed, with costs.
The motion court correctly denied Triumph's motion to dismiss. As workers employed pursuant to public works contracts, plaintiffs have both an administrative remedy under Labor Law § 220(3)(a) and a third-party right to assert a breach of contract claim for underpayment against the general contractor (see Wroble v Shaw Envtl. & Infrastructure Eng'g of N.Y., P.C., 166 AD3d 520, 521 [1st Dept 2018]; Santana v San Mateo Constr. Corp., 234 AD3d 562, 563 [1st Dept 2025]). Thus, exhaustion of administrative remedies is not required (see also Nawrocki v Proto Constr. & Dev. Corp., 82 AD3d 534, 536 [1st Dept 2011]). Van Osten v Huicatao Corp. (2024 NY Slip Op 34728[U] [Sup Ct, Queens County 2024]) is nonbinding and does not warrant a different result (see McMillan v Out-look Safety LLC., 241 AD3d 1162, 1162 [1st Dept 2025]; see also Herman v Judlau Contr., Inc., 243 AD3d 441, 442 [1st Dept 2025]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 5, 2026