**Bobb v Gemini Elec. Co., Inc.**

2026 NY Slip Op 30989(U)

March 16, 2026

Supreme Court, New York County

Docket Number: Index No. 155932/2024

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. PAUL A. GOETZ**                     PART                    47

                                         *Justice*

-------------------------------------------------------------------------------X

ODEBA BOBB,                                               INDEX NO.            155932/2024

                              Plaintiff,                  MOTION DATE          08/15/2025

                    - v -                                 MOTION SEQ. NO.          002

GEMINI ELECTRIC CO., INC., JOHN DOE BONDING
COMPANIES 1-20                                            **DECISION + ORDER ON**
                                                          **MOTION**
                              Defendants.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60

were read on this motion to/for                          MISCELLANEOUS                    .


In this putative class action arising from defendant-employer Gemini Electric Co. Inc.'s (Gemini) alleged failure to pay its employees at the applicable prevailing wage and failure to pay overtime compensation, plaintiff moves (i) pursuant to CPLR §§ 901 and 902 to certify this case as a class action on behalf of "[a]ll individuals presently or formerly employed by Gemini [] who performed electrician's work or other construction work within the State of New York from June 27, 2018 to the present" (the class); (ii) for an order designating Virginia & Ambinder LLP and Goodley McCarthy LLC as class counsel; and (iii) for approval of the proposed notice of class action lawsuit and the proposed publication order.

**Background**

Defendant Gemini, an electrical services company, employed electricians such as plaintiff to work "on various publicly financed construction projects (Public Works Projects) subject to contracts between Defendant Gemini and public agencies (Public Works Contracts),

155932/2024   BOBB, ODEBA vs. GEMINI ELECTRIC CO., INC. ET AL                Page 1 of 11
Motion No.  002

1 of 11

[* 1]

such as the New York City Department of Education ('[]DOE')" (Complaint ¶ 1). Plaintiff alleges that though "Gemini was required to pay or ensure that Plaintiff and members of the putative class were paid at the applicable prevailing wage and benefit rates for the type of work they performed," "Gemini [] misclassified its construction works" as M-rate rather than A-rate "in an effort to avoid paying the higher proper prevailing wage and benefit rates" (*id.* ¶ 2). Plaintiff further alleges that he "additionally worked on private (non-prevailing wage) projects for Gemini during the same weeks that he worked on Public Works Projects, frequently working more than 40 hours a week in total," but "was not paid time-and-a-half for all hours worked in excess of 40 at his applicable regular rate of pay" (*id.* ¶ 3).

Plaintiff brings the instant action against Gemini and John Doe Bonding Companies 1-20 (the Bonding Companies) which "are, upon information and belief, [surety] corporations [that] issued payment bonds in connection with the public projects at issue in this action" (*id.* ¶ 6).

Plaintiff asserts causes of action against Gemini for breach of the public works contracts by failing to pay prevailing rates of wages and supplemental benefits; and violation of New York Labor Law § 198 and 12 NYCRR § 142-2.2 by failing to pay overtime compensation. Plaintiff also asserts causes of action against the Bonding Companies for suretyship and violation of New York Labor Law § 220-g.

### A. Merit

Defendants first argue that plaintiff's action is without merit because while plaintiff argues that Gemini misclassified the work performed as M-rate to avoid paying higher wages, "Gemini does not take on A-rate jobs and [plaintiff] does not have the certifications to qualify for A-rate work" (NYSCEF Doc No 55, p. 9). In reply, plaintiff notes that "Gemini estimated it would perform 4,202 A-rate hours per year under a single contract" and its payroll records reflect

that it did, in fact, pay some employees at or above the A-rate (NYSCEF Doc Nos 60, p. 4; 35, p. 4 [affirmation of plaintiff's counsel Jack Newhouse Esq.]; 43; 46). Plaintiff also argues that Gemini misapprehends A-rate and M-rate work, and that its classification "practice is inconsistent with the Comptroller's prevailing-wage schedule, which explicitly extends the A-rate to tasks beyond Gemini's narrow categories" (NYSCEF Doc No 60, p. 5).

"In determining whether an action should proceed as a class action, it is appropriate to consider whether the claims have merit" (*Pludeman v N. Leasing Sys., Inc.*, 74 AD3d 420, 422 [1st Dept 2010]). However, "inquiry on a motion for class action certification vis-à-vis the merits is limited to a determination as to whether on the surface there appears to be a cause of action which is not a sham" (*Brandon v Chefetz*, 106 AD2d 162, 168 [1st Dept 1985]; *Rosario v Hallen Constr. Co., Inc.*, 239 AD3d 527, 528 [1st Dept 2025] ["a court's consideration of whether the asserted claims have merit is limited, and plaintiffs need only show that there appears to be some credible cause of action"]). Here, plaintiff has raised issues of fact as to whether he and his coworkers were appropriately classified based on the work they were performing, which should not be resolved at this stage. Under the applicable standard of limited inquiry, there "appears to be some credible cause of action" (*Rosario*, 239 AD3d at 528).

Additionally, "plaintiff[] submitted sworn statements from numerous [Gemini electrical] workers that supported [his] claim[]" for failure to pay overtime wages (*id.*; NYSCEF Doc Nos 37, 38, 39). Thus, even accepting Gemini's argument that plaintiff failed to satisfy his burden of establishing the merit of his claim regarding misclassification, plaintiff has submitted evidence "sufficient to satisfy the minimal threshold of showing that [his overtime claim is] not meritless" (*Rosario*, 239 AD3d at 528).

Accordingly, plaintiff's motion for class certification will not be denied for lack of merit.

155932/2024   BOBB, ODEBA vs. GEMINI ELECTRIC CO., INC. ET AL                 Page 3 of 11
   Motion No.  002

3 of 11

[* 3]

**B. Class Certification Pursuant to CPLR §§ 901 and 902**

The class action statute should be liberally construed (*Pruitt v Rockefeller Ctr. Props.*, 167 AD2d 14, 21 [1st Dept 1991]; *see also Stecko v RLI Ins. Co.*, 121 AD3d 542 [1st Dept 2014]) and provides that a class action may be maintained if:

> (1) the class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable; (2) there are questions of law or fact common to the class which predominate over any questions affecting only individual members; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; (4) the representative parties will fairly and adequately protect the interests of the class; [and] (5) a class action is superior to other available methods for the fair and efficient adjudication of the controversy

(CPLR § 901[a]). Once these prerequisites are satisfied, the factors in CPLR § 902 must be considered (*Ackerman v Price Waterhouse*, 252 AD2d 179, 191 [1st Dept 1998]):

> (1) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (2) the impracticability or inefficiency of prosecuting or defending separate actions; (3) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (4) the desirability or undesirability of concentrating the litigation of the claim in the particular forum; [and] (5) the difficulties likely to be encountered in the management of a class action."

(CPLR § 902).

The plaintiff must establish by competent evidence the requirements set forth in CPLR §§ 901 and 902 for obtaining class certification (see *Ackerman*, 252 AD2d at 191) but a trial court has broad discretion in determining whether a matter qualifies as a class action (*Rabouin v Metro. Life Ins. Co.*, 25 AD3d 349, 350 [1st Dept 2006]).

Defendants argue that plaintiff "failed to meet the required burden of establishing compliance with the §901 and §902 factors through evidentiary means," as "Plaintiff's counsel is relying on the conclusory statements in Plaintiff's affidavit and the two supporting affidavits" (NYSCEF Doc No 55, p. 10). However, plaintiff has submitted documentary evidence to support the claims made in the affidavits, including the deposition transcript of Gemini's president Hal

155932/2024   **BOBB, ODEBA vs. GEMINI ELECTRIC CO., INC. ET AL**      **Page 4 of 11**
Motion No.  002

4 of 11

[* 4]

Ozkurt (NYSCEF Doc No 40, p. 16 [representing that he applies "M rates unless the[] [client] is asking for anything special"]), a list of active contracts between Gemini and public agencies (NYSCEF Doc No 41), Gemini's bid to the DOE and contract proposal (NYSCEF Doc Nos 42, 43), the NYC Comptroller's prevailing wage schedules (NYSCEF Doc Nos 45, 47), and payroll records (NYSCEF Doc Nos 46, 47). Together, this evidence is sufficient for the purpose of supporting plaintiff's assertions that the CPLR §§ 901 and 902 factors have been met (*Dabrowski v Abax Inc.*, 84 AD3d 633 [1st Dept 2011] ["Plaintiffs' evidence in support of class certification[,] including both the affidavits and paycheck stubs, demonstrated merit to plaintiffs' claims that they, and other similarly-situated laborers employed by the corporate defendant[,] may have been subject to a practice by [defendant] to underpay on wages, overtime and benefits during employment on public works contracts"]).

### 1. CPLR § 901(a)(1) – Numerosity

CPLR § 901(a) first requires numerosity such that joinder of all class members is impracticable. "There is no 'mechanical test' to determine whether . . . numerosity has been met nor is there a set rule for the number of prospective class members which must exist before a class is certified" (*Friar v Vanguard Holding Corp.*, 78 AD2d 83, 96 [2nd Dept 1980] [internal citations omitted]). "Each case depends upon the particular circumstances surrounding the proposed class and the court should consider the reasonable inferences and commonsense assumptions from the facts before it" (*id.* [internal citations omitted]; see also *Globe Surgical Supply v Geico Ins. Co.*, 59 AD3d 129, 138 [2nd Dept 2008]).

Plaintiff asserts that "Gemini's payroll records, interrogatory responses, and testimony from Gemini's corporate representative establish that there are no fewer than 60 and potentially in excess of 80 class members" (NYSCEF Doc No 53, p. 8). Gemini argues that "Plaintiff's

155932/2024   BOBB, ODEBA vs. GEMINI ELECTRIC CO., INC. ET AL          Page 5 of 11
Motion No. 002

5 of 11

method for [] numerosity is flawed" because the affidavits submitted "come from two small crews working on the same sites as Plaintiff" has not "establish[ed] there is an issue beyond the very limited team Plaintiff was on" (NYSCEF Doc No 55, pp. 11-12 [noting that "Gemini had many different job sites and teams with different supervisors and working conditions"]). However, even accepting Gemini's argument that plaintiff's claims only apply to "two small crews," Gemini does not specify how many people were on such crews, and therefore fails to demonstrate that the numerosity requirement has not been met (*Globe Surgical Supply v GEICO Ins. Co.*, 59 AD3d 129, 138 [2nd Dept 2008] ["the proposed class herein is, at a minimum, between 10 and 100 [employees] and, hence, the numerosity requirement is met"]). Therefore, the numerosity requirement has been satisfied.

### 2. CPLR § 901(a)(2) – Commonality

CPLR § 901(a)(2) requires commonality such that common questions of law or fact predominate over any questions affecting individual members. "[C]ommonality cannot be determined by any mechanical test and . . . the fact that questions peculiar to each individual may remain after resolution of the common questions is not fatal to the class action" (*City of New York v Maul*, 14 NY3d 499, 514 [2010] [internal quotation marks and citation omitted]). Instead, the court should focus on whether class treatment will "achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated" (*Friar*, 78 AD2d at 97 [internal quotation marks and citation omitted]). "[T]he rule requires predominance not identity or unanimity among class members" (*Pludeman*, 74 AD3d at 423).

Here, the principal issue is whether Gemini failed to pay prevailing wage and benefit rates and overtime compensation. Gemini asserts that "the fact that there are many people employed in a position at a corporation does not mean that all of them have been subject to the

155932/2024   BOBB, ODEBA vs. GEMINI ELECTRIC CO., INC. ET AL          Page 6 of 11
Motion No.  002

6 of 11

same treatment or have a claim," and "the decentralized nature of Gemini's business [] means that the allegations that are at issue in this suit are not necessarily uniform or centralized" (NYSCEF Doc No 55, p. 14). "While [Gemini] argues that too many variables existed among the putative class of laborers to group them in a single action, . . . the laborers' pay claims [are] not complex, and that the pay scales, hours worked and other relevant contract information would typically be well-documented for the public works projects at issue" (*Dabrowski*, 84 AD3d at 634). And, as plaintiff notes, "whether the A-rate is applicable to work performed under Gemini's Public Works Contracts is the common predominating issue in this action" (NYSCEF Doc No 60, p. 8). Therefore, the commonality requirement has been satisfied.

### 3. CPLR § 901(a)(3) – Typicality

The typicality prerequisite is met where "plaintiff's claim derives from the same practice or course of conduct that gave rise to the remaining claims of other class members and is based upon the same legal theory" (*Friar*, 78 AD2d at 99; see also *Pludeman*, 74 AD3d at 420). "Typicality does not require identity of issues and the typicality requirement is met even if the claims asserted by class members differ from those asserted by other class members." (*Pludeman*, 74 AD3d at 423).

Here, plaintiff's claims and the proposed class members' claims all arise from the same alleged failure of Gemini to pay prevailing wage and benefit rates and overtime compensation. Gemini argues that plaintiff "is not a good representative of the class" because his "unique educational background and training, which still falls short of qualifying him for an A rate of pay, combined with his lack of independent work experience, appropriate licensing, and certifications, makes him materially different from the other putative class members" (NYSCEF Doc No 55, p. 16). Plaintiff argues that "[a] worker's background and training are irrelevant to

the trade classification determinations [] which are made based on the type of work performed," and plaintiff's claims thus "arise from the same alleged misclassification and overtime practices that affected every class member" (NYSCEF Doc No 60). Plaintiff is correct that his claims—which require resolution of the issue of whether Gemini improperly classified the work performed by its employees—are typical of the class. Additionally, the overtime claim is typical of the class claims, as evidenced by the affirmations of two other Gemini employees who assert that they were not paid time and a half for hours worked beyond 40 hours in a week (NYSCEF Doc Nos 38, 39).

Additionally, Gemini's argument that plaintiff cannot represent a class of workers going back to 2018 because "he only worked at Gemini for a short period of time between 2023 and 2024" is unavailing (NYSCEF Doc No 55, p. 16; *Perez v Anejo, LLC*, 2022 NY Slip Op 34180[U], *6-7 [J. Goetz, SC NY Co 2022]). Therefore, the typicality requirement has been satisfied.

### 4. CPLR § 901(a)(4) – Adequacy of Representation

"Whether the representative party will fairly and adequately protect the interest of the class involves a number of considerations–whether a conflict of interest exists between the representative and the class members, the representative's background and personal character, as well as his familiarity with the lawsuit, to determine his ability to assist counsel in its prosecution and, if necessary, to act as a check on the attorneys, and, significantly, the competence, experience and vigor of the representative's attorneys and the financial resources available to prosecute the action" (*Pruitt*, 167 AD2d at 24 [internal quotation marks and citations omitted]).

Here, plaintiff has demonstrated an adequate understanding of the case (NYSCEF Doc No 37 [plaintiff affirmation]) and has "expressed his desire to represent the class, vindicate the

155932/2024 BOBB, ODEBA vs. GEMINI ELECTRIC CO., INC. ET AL Page 8 of 11
Motion No. 002

8 of 11

rights of his co-workers, [] continue working closely with counsel throughout the litigation" (NYSCEF Doc No 53, p. 13). As for plaintiff's counsel, Virginia & Ambinder LLP and Goodley McCarthy LLC have demonstrated that they "are experienced commercial litigators who have successfully represented classes in numerous class actions and have considerable experience in labor law cases similar to the case at bar" (NYSCEF Doc Nos 35, p. 5; 54). Gemini does not challenge the adequacy of representation in its opposition (NYSCEF Doc No 55). Therefore, the adequacy of representation requirement is satisfied.

### 5. CPLR § 901(a)(5) – Superiority

A class action is the superior vehicle for resolving disputes where "damages that may have been sustained by any single [class member] will almost certainly be insufficient to justify the expenses inherent in any individual action, and the number of individuals involved is too large, and the possibility of effective communication between them too remote, to make practicable the traditional joinder of action" (*King v Club Med, Inc.*, 76 AD2d 123, 128 [1st Dept 1980]; see also *Alcantara v CNA Mgmt.*, 264 FRD 61, 66 [SDNY 2009]).

Given the expense and burden of litigating individually coupled with the potential for the imposition of different and perhaps, incompatible standards, a class action is the superior method of litigating this matter. Therefore, the superiority requirement has been satisfied.

### 6. CPLR § 902

Having met all the prerequisites for CPLR § 901(a), the CPLR § 902 factors also weigh in favor of class certification. Plaintiffs assert that the high volume of potential class members evidences "[t]he impracticability and inefficiency of prosecuting or defending separate actions"; there is no known "litigation concerning the controversy already commenced by or against members of the class"; and there are not many "difficulties likely to be encountered in the

155932/2024  BOBB, ODEBA vs. GEMINI ELECTRIC CO., INC. ET AL    Page 9 of 11
Motion No. 002

9 of 11

management of a class action" (CPLR § 902). Gemini argues that "the individual members of the class have strong incentives to litigate separately, since the damages are likely to be dependent on individualized differences" (NYSCEF Doc No 55, p. 18). While it may be possible for Gemini employees to bring individual actions, it still appears that a class action is the superior vehicle for resolving the dispute to, in part, achieve a consistent result.

### C. CPLR § 903 – Class Description

CPLR § 903 provides that "[t]he order permitting a class action shall describe the class. When appropriate the court may limit the class to those members who do not request exclusion from the class within a specified time after notice."

Plaintiffs' description of the class, which will be adopted, is as follows:

> All individuals presently or formerly employed by Gemini Electric Co., Inc. who performed electrician's work or other construction work within the State of New York from June 27, 2018 to the present.

### D. CPLR § 904 – Notice of Class Action

CPLR § 904(b) provides that "reasonable notice of the commencement of a class action shall be given to the class in such manner as the court directs." In addition, CPLR § 904(c) states that "[t]he content of the notice shall be subject to court approval."

Plaintiffs submitted a proposed notice of class action in support of this motion (NYSCEF Doc No 51) which meets the relevant requirements. Gemini does not raise any objection to the notice in its opposition (NYSCEF Doc No 55). Therefore, plaintiffs' proposed notice of class action will be approved.

### Conclusion

Accordingly, it is hereby

155932/2024  BOBB, ODEBA vs. GEMINI ELECTRIC CO., INC. ET AL                Page 10 of 11
Motion No.  002

10 of 11

ORDERED that plaintiff's motion to certify a class consisting of all individuals presently or formerly employed by Gemini Electric Co., Inc. who performed electrician's work or other construction work within the State of New York from June 27, 2018 to the present is granted; and it is further

ORDERED that plaintiff Odeba Bobb is appointed representative of the class; and it is further

ORDERED that Virginia & Ambinder LLP and Goodley McCarthy LLC are appointed as class counsel; and it is further

ORDERED that plaintiffs' proposed notice of class action (NYSCEF Doc No 51) is approved for distribution to the class via first class mail and e-mail; and it is further

ORDERED that within 45 days of entry of this order, Gemini shall produce to plaintiffs a list of all potential class members, identifying each member's first and last name, last known mailing address and e-mail address, and last known telephone number; and it is further

ORDERED that plaintiff's counsel shall distribute the notice of class action to potential class members within 10 days of receipt of the class list from Gemini.

20260316163740PG0ETZ9E45B0CA94834373A2B9D53E0CF540ED

**3/16/2026**
**DATE**

**PAUL A. GOETZ, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**155932/2024  BOBB, ODEBA vs. GEMINI ELECTRIC CO., INC. ET AL**
**Motion No.  002**

Page 11 of 11

11 of 11

[* 11]